**UNITED STATES of America, Appellee,**

v.

**Norman Lewis HALVERSON, also known as Mark Andrews, also known as Allen Anderson, Appellant.**

**No. 91–3603.**

United States Court of Appeals, Eighth Circuit.

Submitted May 12, 1992.

Decided Sept. 3, 1992.

---

5. We recognize that some ambiguity exists as to whether the November 1, 1985, transfer effectively transferred the remaining 27 certificates, and if so, as to whom the 27 certificates were actually transferred. We leave those questions to the tax court on remand.

Virginia G. Villa, Federal Public Defender's Office, Minneapolis, Minn., argued (Andrea K. George, on the brief), for appellant.

Jeffrey S. Paulsen, Asst. U.S. Atty., Minneapolis, Minn., argued, for appellee.

Before McMILLIAN, JOHN R. GIBSON, and MAGILL, Circuit Judges.

PER CURIAM.

Norman Halverson was convicted of conspiracy to distribute marijuana, 21 U.S.C.A.

§ 846 (West Supp.1992), conspiracy to manufacture marijuana, *id.*, and income tax evasion, 26 U.S.C. § 7201 (1988). On appeal, he argues that imposition of separate sentences for the distribution and manufacturing conspiracies violates the double jeopardy clause and that the district court[1] erred in refusing to give an instruction on the weight to be given the testimony of a narcotics addict. We affirm the judgment of the district court.

As in most cases involving drug conspiracies, we could recite the facts at great length, but the limited issues before us make it unnecessary to do so. Suffice it to say that Halverson was charged with a distribution conspiracy existing between November 1985 and December 1986 involving 2½ tons of marijuana brought from Arizona to Minnesota for distribution in quantities having a value of up to $500,000 per shipment. The conspirators transported cash by commercial airlines to buy marijuana, and some 13 loads of marijuana were transported in a Winnebago R.V. or car. The marijuana plant growing operation in rural Wisconsin (the manufacturing conspiracy) involved 500 marijuana plants in an indoor facility, and after initial preparation, actual farming began in October 1986, and lasted until early 1987. While some of the same individuals were involved in both conspiracies, Gary Pauli was involved in the distribution conspiracy only, and Mark Hanover and Paul Gelbmann in the manufacturing conspiracy only.

█ Halverson's arguments that there was but one conspiracy, and that the double jeopardy clause was violated in sentencing Halverson on the second count, are utterly lacking in merit. We conclude there are two conspiracies under the five factor test of *United States v. Thomas*, 759 F.2d 659, 662 (8th Cir.1985), considering that in addition to the distinct goals of the manufacturing and distribution conspiracies, different times, geographic areas, and actors were involved in the two conspiracies.

---

1. The Honorable David S. Doty, United States District Judge for the District of Minnesota.

■ Halverson's second argument is that the district court erred in denying a narcotics addict instruction,[2] particularly with relation to the government's witness, Donald Hoiem, Halverson's half brother. As the government points out, the only evidence of Hoiem's use of narcotics dates to a much earlier time, and the proffered instruction presupposed addiction at the time of trial. The court did not err in denying this instruction.

■ Finally, in addition to the brief filed by counsel, Halverson filed a pro se brief raising additional arguments. It is Eighth Circuit policy not to consider pro se filings when the appellant is represented by counsel. *United States v. Payton*, 918 F.2d 54, 56 n. 2 (8th Cir.1990). However, we have reviewed Halverson's arguments and they are without merit.

We affirm the judgment of the district court.

2. Halverson requested an instruction stating:

   If an informer is also a narcotics addict, there are additional reasons why his testimony should be considered with great care. An addict has a constant need for a supply of drugs and for money to support his habit, and also nay (sic) have abnormal fear of imprisonment in which his supply of drugs might be cut off. These are special circumstances which you may consider in weighing testimony of this kind. You of course may give the testimony such weight as you think proper, after considering all relevant circumstances.