UNITED STATES of America, Appellee,

v.

Jeffrey Edward SCHENK, Appellant.

No. 91–3643.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 16, 1992.

Decided Jan. 8, 1993.

Stephen H. Gilmore, St. Louis, MO, for appellant.

Patricia A. McGarry, Asst. U.S. Atty., St. Louis, MO, for appellee.

Before BOWMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and HANSEN, Circuit Judge.

HANSEN, Circuit Judge.

Jeffrey Schenk was convicted by jury verdict of possession with intent to distribute lysergic acid diethylamide (LSD), of being a felon in possession of a firearm, and of distributing LSD to a minor. He was sentenced by the district court[1] to serve concurrent terms of 186 months on the first two counts and 96 months on the third count. Schenk appeals his convictions and sentence. We affirm.

## I.

The evidence, when viewed in the light most favorable to the verdicts, reveals the following facts. Detective Steve Strehl of the St. Louis city police department received information from a confidential informant that Schenk was dealing LSD from a house at 2187 Clifton Street in St. Louis, Missouri. Upon further investigation, Detective Strehl learned that Schenk had prior convictions related to narcotics trafficking. On November 7–8, 1990, Detective Strehl and Detective Emmet Gelhot conducted surveillance of the house at 2187 Clifton Street and saw people come to the residence, stay a few minutes, and leave. Detective Strehl then was informed by another detective that another informant had identified Schenk as a person who sold LSD from the residence at 2187 Clifton Street. On November 8, 1990, Detective Strehl applied for and obtained a search warrant from a state circuit court judge to search the house at 2187 Clifton Street.

The search warrant was executed in the afternoon of November 8, 1990. Detective Strehl met with officers from the St. Louis police department, agents from the Federal Drug Enforcement Administration, St. Charles County Sheriff's officers, and officers from the St. Peters city police department. The district court[2] found that the officers knocked on the door of the residence at 2187 Clifton Street and announced that they were police and that they had a search warrant before opening the closed, unlocked front door to the house. The officers found Schenk inside with what appeared to be sheets of LSD, arrested him, and advised him of his *Miranda* rights. The search also uncovered a shotgun and a rifle in Schenk's bedroom closet. At police

---

1. The Honorable Edward L. Filippine, Chief Judge, United States District Court for the Eastern District of Missouri.

2. The district court adopted the findings made by the Honorable Robert D. Kingsland, United States Magistrate Judge for the Eastern District of Missouri, in his report and recommendation on defendant's motion to suppress. *See United States v. Schenk,* No. 91–47CR(2) (E.D.Mo. July 31, 1991) (order adopting report and recommendation).

headquarters and after again being advised of his rights, Schenk stated that the LSD seized at 2187 Clifton was his property, that he had been selling LSD again for approximately six months, and that the confiscated shotgun was his.

On appeal, Schenk raises five issues.[3] First, he claims that the search was not completed in compliance with 18 U.S.C. § 3109. He next argues that the district court erred in failing to grant him a *Franks* hearing. Schenk's third contention is that the district court erred in allowing the government to cross-examine him about his prior sales of LSD. Fourth, he contends that the district court erred in sentencing him by assessing a two-level increase in his offense level for obstruction of justice. Finally, Schenk argues that the district court improperly calculated the weight of the LSD for sentencing purposes.

## II.

Schenk contends that the court abused its discretion in failing to have a pre-trial hearing on the motion to suppress on the issue of whether the search was in compliance with the "knock and announce" rule found in 18 U.S.C. § 3109 and that the court committed a reversible error in admitting items seized during the search into evidence.

■ The government asserts that Schenk did not preserve this issue for appeal. Schenk's motion to suppress filed in district court challenged the search warrant, the search and seizure, and the arrest on numerous broad bases, but made no reference to 18 U.S.C. § 3109. The magistrate judge held a hearing on this motion and recommended that it be denied. In the

report and recommendation, the magistrate judge specifically found that the officers did knock and announce before entry. In Schenk's objections to the report and recommendation, he specifically referenced 18 U.S.C. § 3109. The district court overruled Schenk's objections by adopting the report and recommendation and denying Schenk's motion to suppress.[4] In addition, Schenk objected at trial on the basis of § 3109 to the introduction of the evidence seized during the search, and the court denied Schenk's objections without giving its reasons. *See* trial transcript, volume II, at 295–97. Although we find that Schenk delayed in specifically raising the 18 U.S.C. § 3109 argument, the argument was before the district court, and the district court decided it in the government's favor. Accordingly, we address it.

■ Section 3109 provides in part that an officer may break into a house to execute a search warrant "if, after notice of his authority and purpose, he is refused admittance." The defendant bears the burden of establishing a prima facie case when asserting a § 3109 claim. *United States v. Mueller*, 902 F.2d 336, 344 (5th Cir.1990) (citation omitted); *United States v. DiCesare*, 765 F.2d 890, 896 (9th Cir.1985). Schenk contends that the government failed to prove exigent circumstances to justify its failure to comply with 18 U.S.C. § 3109. Before reaching the issue of whether the government proved that exigent circumstances existed, however, we must determine whether the officers failed to comply with § 3109. The government contends that it complied with the requirements of the statute.[5] In reviewing the

---

3. Schenk has also filed a pro se motion to file a supplemental brief raising new issues. "It is Eighth Circuit policy not to consider pro se filings when appellant is represented by counsel." *United States v. Halverson*, 973 F.2d 1415, 1417 (8th Cir.1992) (citing *United States v. Payton*, 918 F.2d 54, 56 n. 2 (8th Cir.1990), *cert. denied*, —— U.S. ——, 112 S.Ct. 395, 116 L.Ed.2d 345 (1991)). Therefore, the motion is denied.

4. On the same day as the district court's order was filed, Schenk raised the § 3109 issue again in another motion to suppress or, in the alterna-

tive, motion in limine. On the day the trial commenced, the government responded to the motion by asserting that the officers complied with § 3109 and that Schenk had waived the issue by not raising it before the magistrate judge. The record is not clear, however, as to any formal resolution of this motion.

5. The government also argues that 18 U.S.C. § 3109 is inapplicable because this was a search pursuant to a state warrant. "A search conducted with significant involvement of federal officers must comply with federal law." *United*

district court's decision with respect to § 3109, we review the district court's findings of fact for clear error and its application of the law de novo. *United States v. Ramos*, 923 F.2d 1346, 1355 (9th Cir.1991) (citations omitted).

In describing the entry into the residence, the magistrate judge made the following factual finding, which was adopted by the district court:

> 4. .... Detective Gelhot knocked on the door and announced that they were the police and had a search warrant. There was loud music playing. No one responded to the knocking, therefore Detective Gelhot tried the door. It was unlocked. Immediately upon opening the door the officers were able to see defendant sitting at the dining room table. Detective Emmet Gelhot was first to make entry, along with Detective Sam Zugalus (phonetic) of the St. Louis police, and Kevin McDermot [a special agent with the Drug Enforcement Agency]. Detective Strehl was the fourth through the door.

*United States v. Schenk*, No. 91–47CR(2), at 4 (E.D.Mo. May 15, 1991) (report and recommendation). In Schenk's objection to the magistrate's report and recommendation, we note that he incorporated the paragraph quoted above in his motion. *See* addendum to appellant's brief, at 23. Although Schenk now points out some inconsistencies in the testimony presented to the court, we find the above factual findings are not clearly erroneous.

Given these factual findings, the officers complied with the "knock and announce" requirement of § 3109. Schenk contends, however, that the search violated the statute because of the brief time that the officers waited before entering the residence. No hard and fast time limit exists under 18 U.S.C. § 3109. *United States v. Streeter*, 907 F.2d 781, 789 (8th Cir.1990), *overruled*

on other grounds, *United States v. Wise*, 976 F.2d 393, 401 (8th Cir.1992) (en banc). However, a "failure to answer a knock and announcement has long been equated with a refusal to admit the search party and a justification for forcible entry." *Ramos*, 923 F.2d at 1356 (citations omitted). The only evidence adduced with respect to the time lapse before entry after knocking and announcing was Detective Gelhot's testimony that he "waited a reasonable amount of time," which was "enough time to allow someone to come to the door" and was "less than one minute." *See* trial transcript, volume I, at 142–43. We find that Schenk did not carry his burden with respect to his § 3109 claim. Because we find that a § 3109 violation was not sufficiently established, we reject Schenk's argument that the district court erred in admitting the evidence seized as a result of the search.

### III.

Schenk next argues that the district court failed to give him a *Franks* [6] hearing so that he could challenge whether probable cause existed for the issuance of the search warrant. A defendant must satisfy two requirements to receive a *Franks* hearing.

> First, the defendant must make a substantial preliminary showing of an intentional or reckless falsehood in the affidavit. *Franks*, 438 U.S. at 155–56 [98 S.Ct. at 2676]. "The substantiality requirement is not lightly met." *United States v. Wajda*, 810 F.2d 754, 759 (8th Cir.), *cert. denied*, 481 U.S. 1040 [107 S.Ct. 1981, 95 L.Ed.2d 821] (1987). "Allegations of negligence or innocent mistake are insufficient." *Franks*, 438 U.S. at 171 [98 S.Ct. at 2684]. Second, the allegedly false statements must be necessary to the finding of probable cause. *Id.* at 156 [98 S.Ct. at 2677].

---

*States v. Moore*, 956 F.2d 843, 847 n. 3 (8th Cir.1992) (citing *United States v. McCain*, 677 F.2d 657, 662 (8th Cir.1982)). Because it appears that the government did not raise this argument before the district court, no factual findings exist on this point to review other than the fact that at least one federal officer was

involved with the search. Therefore, we reject the government's argument raised for the first time on appeal and will assume there was significant federal involvement.

6. *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).

*United States v. Curry*, 911 F.2d 72, 76 (8th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 980, 112 L.Ed.2d 1065 (1991); *Franks*, 438 U.S. at 156 [98 S.Ct. at 2677]. Schenk failed to make the initial preliminary showing. He merely argued that a hearing was needed to fully ascertain and argue the merits of the affidavit in support of the search warrant. Schenk does not assert or show that there was an intentional or reckless falsehood in the affidavit. Therefore, we find that Schenk was not entitled to a separate *Franks* hearing.

Furthermore, Schenk's argument is without merit because the magistrate judge essentially conducted a *Franks* hearing at the suppression hearing. Although the magistrate judge noted that "no formal motion for a *Franks* hearing was filed," Schenk was permitted to cross-examine the affiant and to present two of his own witnesses whose testimony conflicted with that of the affiant. *See United States v. Schenk*, No. 91–47CR(2), at 6 (E.D.Mo. May 15, 1991) (report and recommendation). The magistrate judge found that testimony of the two witnesses presented by Schenk was not credible, that the affidavit did not contain an intentional or reckless falsehood, and that the warrant was properly issued. *Id.* at 7 (citing *Franks*). The district court adopted this report and recommendation, and we affirm.

## IV.

Schenk's next argument is that the district court erred in permitting evidence of his prior sales of LSD to be introduced during his cross-examination. Before Schenk took the stand, he was advised by the prosecutor that she intended to offer evidence of his prior sales of LSD to show specific intent to distribute, to show knowledge, and to impeach credibility. The court indicated that this evidence would be permissible pursuant to Federal Rule of Evidence 404(b). On direct examination, Schenk was not questioned specifically with respect to the LSD. On cross-examination, however, Schenk was questioned regarding his dealings with LSD.

■ Schenk argues that the questioning allowed on cross-examination was impermissible. "The scope of questioning permissible on cross-examination is within the broad discretion of the district court." *United States v. Gleason*, 766 F.2d 1239, 1246 (8th Cir.1985), *cert. denied*, 474 U.S. 1058, 106 S.Ct. 801, 88 L.Ed.2d 777 (1986) (citations omitted). "Cross-examination may embrace any matter germane to direct examination, qualifying or destroying it, or tending to elucidate, modify, explain, contradict or rebut testimony given by the witness." *Id.* (quoting *Roberts v. Hollocher*, 664 F.2d 200, 203 (8th Cir.1981)). On direct examination, Schenk testified that he was paying some bills with his checkbook when the officers entered, aimed a gun at him, and made him leave the dining table to lie on the floor. *See* trial transcript, volume II, at 458–60. On cross-examination, the government inquired about the contents of his checkbook that were seized that day, and Schenk responded that they were "This statement from my bank, and this ticket stub." *Id.* at 465. Because prior testimony from other witnesses had established that sheets of LSD were also seized out of the checkbook, the government then asked him whether he knew anything about the "LSD that was taken out of [his] checkbook." *Id.* Schenk responded that he did not. *Id.* Over objection, Schenk next responded to questions that although he knew what LSD looks like, he had never possessed it or sold it in his life. *Id.* at 465–68. Because of Schenk's denials, the court permitted further evidence of his prior sales of LSD. We find the trial court did not abuse its discretion with respect to the scope of the cross-examination.

■ Schenk also argues that the district court erred in allowing the introduction of evidence of his prior sales of LSD pursuant to Federal Rule of Evidence 404(b). "Evidence of similar drug activity is admissible in a drug prosecution case because 'a defendant's complicity in other similar transactions serves to establish intent or motive to commit the crime charged.'" *United States v. Johnson*, 934 F.2d 936, 940 (8th Cir.1991) (citation omitted). In this case,

the court specifically found that the requirements of Federal Rule of Evidence 404(b) were met and that the probative value of the evidence was not outweighed by the danger of unfair prejudice so that there was no reason for excluding the evidence under Federal Rule of Evidence 403. Furthermore, the court gave a limiting instruction to the jury with respect to the 404(b) evidence. We find that the district court did not abuse its discretion in admitting the evidence of prior LSD sales.

### V.

Schenk challenges his sentence on two grounds. First, he argues that the court erred in making a two-level upward adjustment in his offense level for obstruction of justice because of the Double Jeopardy clause. The court made the obstruction of justice adjustment based on its own finding that Schenk had committed perjury. Because he has never been charged with a separate perjury offense, Schenk cannot raise a double jeopardy argument. Simply put, he has not yet been twice placed in jeopardy.

Second, Schenk asserts that the court erred by including the weight of the carrier medium of the LSD in determining the base offense level. The weight of the blotter paper may be properly included in calculating the weight of LSD to determine the base offense level. *Chapman v. United States,* — U.S. —, —, 111 S.Ct. 1919, 1922, 114 L.Ed.2d 524 (1991); *United States v. Martz,* 964 F.2d 787, 790 (8th Cir.1992); *United States v. Bishop,* 894 F.2d 981, 985 (8th Cir.), *cert. denied,* 498 U.S. 836, 111 S.Ct. 106, 112 L.Ed.2d 77 (1990). Schenk's argument is meritless.

### VI.

For the reasons stated above, we affirm the judgment of the district court.