_____

No. 96-1101
_____

Jeffrey E. Schenk,                    *
                                      *
          Appellant,                  *
                                      *   Appeal from the United States
     v.                               *   District Court for the
                                      *   Eastern District of Missouri.
United States of America,             *
                                      *           [UNPUBLISHED]
          Appellee.                   *
_____

                Submitted:  August 28, 1996

                   Filed:  November 12, 1996
                     _____

Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.
                     _____

PER CURIAM.


     Jeffrey E. Schenk was found guilty of illegally possessing and
distributing LSD, and being a felon in possession of a firearm.  When he
committed these offenses, Schenk was on parole for a federal offense,
having previously been transferred from a federal prison camp to a
community corrections center; his parole was consequently revoked and he
was ordered "continued to expiration."  The District Court sentenced Schenk
to concurrent terms of 186 months imprisonment on the drug counts and 96
months on the firearm count, and we affirmed.  United States v. Schenk, 983
F.2d 876, 877 (8th Cir. 1993).


     Schenk then filed this motion under 28 U.S.C. § 2255 (1994),
contending the District Court failed to order that he serve his sentence
concurrently with an undischarged term of imprisonment, see U. S.
Sentencing Guidelines Manual § 5G1.3 (imposition of sentence on defendant
subject to undischarged term of imprisonment), and claiming that his
counsel was ineffective in

failing properly to raise this issue at sentencing and on appeal. The District Court[1] concluded Schenk had not shown he had been prejudiced by any deficiency of his counsel and denied relief, noting that it had sentenced Schenk "with the intention that [the sentence] run consecutively with the previously undischarged term of imprisonment that he was serving."[2] Schenk appeals.

Reviewing the denial of Schenk's section 2255 motion de novo, we affirm as the motion, files, and records conclusively show he is not entitled to relief. See Arnold v. United States, 63 F.3d 708, 709 (8th Cir. 1995) (standard of review). Even assuming counsel's failure to raise the section 5G1.3 issue was unreasonable, Schenk was not prejudiced by this omission, see Strickland v. Washington, 466 U.S. 668, 691-92 (1984), because application note 6 to current section 5G1.3 expressly governs a situation like Schenk's and makes it clear that the District Court was correct in declining to order that Schenk serve his sentence concurrently with his undischarged term of imprisonment. Although this application note was not added until November 1995, Appendix C Amendment 494 suggests it is a clarifier and therefore may be used retroactively.

Accordingly, the judgment of the District Court is affirmed.

---

[1]The Honorable Edward L. Fillipine, United States District Judge for the Eastern District of Missouri, adopting the report and recommendation of the Honorable Lawrence O. Davis, United States Magistrate Judge for the Eastern District of Missouri.

[2]The District Court granted Schenk section 2255 relief on other grounds, not relevant here, reducing Schenk's drug-related sentences to 120 months.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.