# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1497

_____

United States of America

*Plaintiff - Appellee*

v.

Ismael Miranda-Zarco

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 11, 2016
Filed: September 6, 2016

_____

Before MURPHY, SMITH, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Ismael Miranda-Zarco pled guilty to two conspiracies: to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A); and to commit money laundering in violation of 18 U.S.C. § 1956 (a)(1)(B)(i) and (h). He appeals the addition of one criminal-history point under U.S.S.G. § 4A1.1. Having jurisdiction under 28 U.S.C. § 1291, this court vacates the sentence and remands.

In 2001, for the same act, Miranda-Zarco pled guilty to first-degree robbery and armed criminal action (ACA). *See* **§ 569.020 RSMo** (robbery in the first degree); **§ 571.015 RSMo** (ACA). "According to court records" he, "acting with another, forcibly stole U.S. currency in the possession of Pizza-Hut-DeSoto, and in the course thereof defendant, acting with another, displayed what appeared to be a deadly weapon." He received 10 years in prison for the robbery, and a concurrent three years for the ACA.

## I.

The district court added three criminal-history points for the robbery conviction under § 4A1.1(a), as authorized for a prior sentence of imprisonment exceeding one year and one month. Guideline 4A.1.1(e) then says to "add 1 point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was treated as a single sentence . . . ." Accordingly, for the ACA conviction, the court added one point. Miranda-Zarco objects to the ACA point, claiming because the ACA arose out of the same conduct as the burglary, it cannot be counted separately.

By state law, the ACA conviction is separate and distinct from the robbery conviction. In Missouri, first-degree robbery occurs when a person

> forcibly steals property and in the course thereof he, or another participant in the crime,
>
> (1) Causes serious physical injury to any person; or
> (2) Is armed with a deadly weapon; or
> (3) Uses or threatens the immediate use of a dangerous instrument against any person; or
> (4) Displays or threatens the use of what appears to be a deadly weapon or dangerous instrument.

**§ 569.020 RSMo**. An ACA violation occurs when a person commits any felony "by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon . . . ." **§ 571.015 RSMo**. An ACA punishment is "in addition to" the punishment for the underlying felony. *Id.* The Supreme Court of Missouri has held that robbery and armed criminal action "are not the same offense" for purposes of multiple prosecution because "the expressed intent of the legislature" is to punish the offenses cumulatively. *State v. Flenoy*, 968 S.W.2d 141, 144-45 (Mo. banc 1998), *citing* *Missouri v. Hunter*, 459 U.S. 359, 367 (1983). The district court correctly rejected Miranda-Zarco's claim. *See* *United States v. Watson*, 650 F.3d 1084, 1091–92 (8th Cir. 2011) (affirming, under similar Oklahoma law, district court's application of one point under § 4A1.1(e)).

## II.

Miranda-Zarco submitted a pro se supplemental brief arguing, among other things, that the district court incorrectly added the additional point because his ACA conviction is not a "crime of violence." The Clerk initially denied his motion to file the pro se supplemental brief. *See* **U. S. Ct. of App. 8th Cir. Rule 27A(a)**.

Miranda-Zarco asks this court to reconsider the Order. Normally, this court does not address arguments in pro se filings when the defendant is represented by counsel. *Cf.* **U. S. Ct. of App. 8th Cir., Internal Operating Procedures**, III.I.2 (banning all supplemental brief "without leave of the court"). Nevertheless, this court has discretion to review pro se supplemental briefs. *See, e.g.*, *United States v. Scales*, 735 F.3d 1048, 1052-53 (8th Cir. 2013) ("[W]e will consider the five issues raised by Scales in his pro se brief."); *United States v. Benson*, 686 F.3d 498, 505 (8th Cir. 2012) (granting motion to file pro se supplemental brief although defendant was represented by counsel, and finding arguments meritless); *United States v. Blum*, 65 F.3d 1436, 1443 n.2 (8th Cir. 1995) (despite general "Eighth Circuit policy" against considering pro se filings when a party is represented by counsel, this court

"gratuitously examined" defendant's pro se filings, finding "they set forth no material of arguable merit"); *United States v. Halverson*, 973 F.2d 1415, 1417 (8th Cir. 1992) (reviewing arguments raised by pro se supplemental brief, and finding them without merit); *United States v. Payton*, 918 F.2d 54, 56 n.2 (8th Cir. 1990) ("While our Eighth Circuit policy provides that when a party is represented by counsel we will not accept pro se briefs for filing, . . . we granted leave to appellant to file a brief not to exceed five pages."). Having reviewed Miranda-Zarco's pro se supplemental brief (and the government's response[1]), this court authorizes the filing of the supplemental brief on the issue whether his ACA conviction is a "crime of violence."

Because this argument was not raised in the district court, this court reviews for plain error. *United States v. Ault*, 598 F.3d 1039, 1042 (8th Cir. 2010). To prevail, he must show that there is "'(1) error, (2) that is plain, and (3) that affects substantial rights. If all three of those conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Id.*, citing *Johnson v. United States*, 520 U.S. 461, 462 (1997).

At sentencing on February 25, 2015, the guidelines provided that a "crime of violence" was any offense punishable by over one year's imprisonment that—

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

---

[1] *See In re Riverside-Linden Inv. Co.*, 945 F.2d 320, 324 (9th Cir. 1991) ("We have discretion to review an issue not raised by appellant, however, when it is raised in the appellee's brief.").

**U.S.S.G. § 4B1.2(a)**.[2]  The case of *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015)—argued almost four months before Miranda-Zarco's sentencing—invalidated the identically worded "residual clause" in the federal statute, 18 U.S.C. § 924(e)(2)(B)(ii).  According to the government, this court need not consider whether the "residual clause" in the then § 4B1.2 (a)(2) was unconstitutional.  The government believes that an ACA conviction has as an element "the use, attempted use, or threatened use of physical force against the person of another."

The record does not indicate whether the district court relied on the residual clause or the force clause to determine that Miranda-Zarco's ACA offense was a crime of violence under § 4A1.1(e).  If the district court used the residual clause, "our precedent would foreclose [his] argument because we have held that a district court does not commit plain error in holding that a defendant's prior felonies constitute crimes of violence under the Guidelines's residual clause."  ***United States v. Robinson***, 2016 WL 3407698, at *1 (8th Cir., June 21, 2016).

Miranda-Zarco might, however, be entitled to plain error relief if the district court incorrectly found his ACA conviction was a crime of violence under § 4B1.2(a)(1).  *See **id.** at *2, citing **Molina-Martinez v. United States***, 136 S.Ct. 1338, 1345 (2016).  The government claims that using a dangerous instrument or a deadly weapon during the commission of a felony is "clearly" a crime of violence under § 4B1.2(a)(1).  However, it is not readily apparent whether committing a felony "by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon" necessarily has as an element the use, attempted use, or threatened use of physical force *against the person of another*.  This court lacks full briefing and an adequate record to address this issue.  On remand, this court assumes the parties will "assist in gathering whatever state court records are available so the district court can

---

[2]Guideline 4B1.2 has since been amended, effective August 1, 2016.

make a proper determination under the categorical or modified categorical approach, whichever the court concludes is more appropriate." *See **United States v. Fields***, 2016 WL 4191179, at *4 (8th Cir. Aug. 9, 2016).

\* \* \* \* \* \* \*

The sentence is vacated, and the case remanded for additional sentencing proceedings.

_____