# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 17-2659

———————————————

United States of America

*Plaintiff - Appellee*

v.

Terrance Quartez Jarrett

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith

——————————

Submitted: September 25, 2018
Filed: January 3, 2019
[Unpublished]

——————————

Before COLLOTON, BEAM, and GRASZ, Circuit Judges.

——————————

PER CURIAM.

Terrance Quartez Jarrett appeals the district court's[1] denial of his motion for a mistrial in the midst of a jury trial that resulted in a guilty verdict on two counts of

———————————————

[1]The Honorable P.K. Holmes, III, Chief Judge, United States District Court for the Western District of Arkansas.

possession with intent to distribute drugs. Jarrett contends that a mistrial should have been granted after a prosecution witness referred to Jarrett's status of having an outstanding warrant (for failure to pay a fine) at the time he was apprehended on the instant charges for distribution of narcotics. Counsel immediately objected to this evidence, noting that it violated a motion in limine the district court had granted prohibiting mention at trial of any outstanding warrants against Jarrett. Following a sidebar, the district court recessed. Upon return, the court denied the motion for mistrial, struck the testimony, and instructed the jury to disregard the officer's testimony about Jarrett's outstanding failure-to-pay warrant. In denying the motion, the district court took into consideration that, although it was relatively early on in the trial (it was the first day of trial and the prosecution's second witness who referred to the warrant), the trial had already been continued three times. Jarrett was ultimately convicted, and sentenced to 180 months in prison, which represented a downward variance from the 210 to 240 month Guidelines range. On appeal, Jarrett argues that the motion should have been granted because the testimony happened near the beginning of trial and because the testimony predisposed the jury to believe the government's witnesses.

We review the district court's denial of a motion for mistrial for an abuse of discretion. United States v. Thompson, 533 F.3d 964, 971 (8th Cir. 2008). In conducting this review, we determine the prejudicial effect of any improper testimony by examining the context of the error and the strength of the evidence of the defendant's guilt. Id.

First, in context, the prejudicial effect of this improper testimony was minimal. The evidence–that the authorities apprehended Jarrett on an outstanding "failure to pay" warrant–was not as prejudicial as mention of numerous other kinds of outstanding warrants might have been. The jury had already been informed that Jarrett had a history of problems with drugs and guns, and had already heard testimony that he was located in a bedroom surrounded by drugs and guns. While the

failure-to-pay-warrant testimony openly and obviously violated the ruling on the motion in limine, the district court, after a short recess to consider the motion for mistrial, instructed the jury to disregard the evidence. Under these circumstances, the context of the error does not indicate there was an abuse of discretion. See United States v. Taylor, 813 F.3d 1139, 1149 (8th Cir. 2016) (noting that striking testimony and instructing jury to disregard usually cures the effect of a prejudicial statement); United States v. Fetters, 698 F.3d 653, 656 (8th Cir. 2012) (upholding district court's denial of mistrial where three government witnesses improperly referenced the defendant's criminal history in violation of a trial stipulation).

Furthermore, the evidence against Jarrett was strong. One of the arresting officers testified that he found Jarrett in the apartment lying in bed and surrounded by drugs and guns, and photographs of those items were placed in evidence through the officer. Ten government witnesses testified, including two women in the house at the time of his arrest who testified that he tried to get them to say that the drugs belonged to them. Accordingly, the strength of the evidence of Jarrett's guilt also demonstrates that the district court did not abuse its discretion. United States v. Brandon, 521 F.3d 1019, 1027 (8th Cir. 2008) ("Any residual prejudice that may have survived the curative actions was harmless when compared to the very strong evidence of . . . guilt."). We affirm.[2]

———————————————————

———————————

[2]Jarrett motioned the court pro se asking for appointment of new counsel or to proceed pro se because counsel refused to raise three additional proffered issues: an illegal search and seizure, the alleged theft of evidence from the evidence room, and the alleged bias of the trial judge. Jarrett was very well represented in this case by his current counsel, and we deny the motion for new counsel or to proceed pro se. See United States v. Miranda-Zarco, 836 F.3d 899, 901 (8th Cir. 2016) ("Normally, this court does not address arguments in pro se filings when the defendant is represented by counsel.").