# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3790
_____

United States of America

*Plaintiff - Appellee*

v.

Otis Hill

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville
_____

Submitted: December 14, 2020
Filed: March 3, 2021
[Unpublished]
_____

Before SMITH, Chief Judge, LOKEN and MELLOY, Circuit Judges.
_____

PER CURIAM.

Defendant Otis Hill pleaded guilty to one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). He appeals his sentence

arguing the district court[1] improperly classified him as a career offender. In particular, he argues: (1) a prior conviction for attempted robbery does not qualify as a conviction for a "crime of violence," U.S.S.G. § 4B1.2(a); and (2) a prior conviction for conspiring to possess with intent to distribute cocaine base does not qualify as a conviction for a "controlled substance offense," U.S.S.G. § 4B1.2(b). Hill asserts that, because references to inchoate offenses such as attempt and conspiracy appear in the commentary to U.S.S.G. § 4B1.2 but not in the guideline's actual text, such offenses are not qualifying offenses. See U.S.S.G. § 4B1.2 cmt. n.1 ("'Crime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses.").

In making this argument, Hill acknowledges the district court followed controlling circuit precedent as to this issue. See United States v. Mendoza-Figueroa, 65 F.3d 691, 694 (8th Cir. 1995) (en banc) (holding Sentencing Commission acted within its authority in drafting commentary and permissibly concluded that conspiracy offenses qualify under U.S.S.G. § 4B1.2); see also United States v. Merritt, 934 F.3d 809, 811 (8th Cir. 2019); United States v. Bailey, 677 F.3d 816, 818 (8th Cir. 2012). Hill admits he asserts his argument to preserve the issue for en banc or Supreme Court review. In doing so, he notes that two circuits disagree with the majority view as held by the Eighth Circuit. See United States v. Havis, 927 F.3d 382, 386–87 (6th Cir. 2019) (per curiam) (attempt crimes not included in U.S.S.G. § 4B1.2(b)'s definition of "controlled substance offense"); United States v. Winstead, 890 F.3d 1082, 1091–92 (D.C. Cir. 2018) (same).

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

Because the district court properly applied circuit precedent, we affirm the judgment of the district court.[2]

_____

_____

[2]We grant Hill's pending motion to file a pro se supplemental brief, but we reject his arguments as asserted in the brief. See United States v. Miranda-Zarco, 836 F.3d 899, 901 (8th Cir. 2016) (although we generally deny leave for defendants with counsel to file pro se briefs, we retain discretion to accept such filings). Hill argues his conviction for conspiring to commit robbery is too old to count as a career-offender predicate crime of violence. The general Guidelines provisions for computing criminal history govern as to whether a prior conviction is too old to be considered for career offender purposes. See U.S.S.G. § 4B1.2 cmt. n.3 ("The provisions of § 4A1.2 (Definitions and Instructions for Computing Criminal History) are applicable to the counting of convictions under § 4B1.1."). Those provisions include a 15-year "look back" window. See U.S.S.G. § 4A1.2(e)(1) ("Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. *Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.*" (emphasis added)). Here, Hill received a lengthy suspended sentence on one of two counts of robbery conspiracy and a shorter suspended sentence on a second count. He completed his shorter suspended sentence more than fifteen years prior to commencement of the present offense. The longer suspended sentence, however, was later revoked, and his revocation sentence resulted in incarceration during the 15-year look-back period. See United States v. Montaque, 221 F.3d 1345, 1345 (8th Cir. 2000) (per curiam) (stating that for career offender purposes, the court is to "count any earlier sentence of 13 months, whenever imposed, resulting in defendant's incarceration during any part of 15-year period preceding current offense"). Hill does not challenge the timeliness of his drug distribution conviction. As a result the district court correctly found two qualifying predicates and properly classified Hill as a career offender.