# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3807
_____

United States of America

*Plaintiff - Appellee*

v.

Ellis Brown

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: September 23, 2022
Filed: October 7, 2022
[Unpublished]
_____

Before GRUENDER, SHEPHERD, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

During Ellis Brown's trial on a charge of depriving a suspect of his rights under color of law in violation of 18 U.S.C. § 242, a juror ("Juror #3") exited the deliberation room and refused to return. The district court[1] proposed a conference

---

[1]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

with Juror #3 to determine whether she would continue with deliberations. Defense counsel suggested the inquiry of Juror #3 should take place outside the presence of the parties. Counsel for the government concurred. The court next inquired as to the parties' positions if Juror #3 continued to refuse to deliberate. The government proposed seating an alternate juror, and defense counsel agreed.

When the court met with Juror #3 and asked whether she would return to the jury room, the juror stated she was unable to deliberate further. The court made an additional inquiry:

> Is it at all possible, ma'am, for you to go back into the room and work with the other jurors to try to reach a verdict if you can? . . . So my question to you is do you think that that is something that you could do or are you telling me that you are unable and unwilling to go back into the room and try to do that?

Juror #3 continued to refuse to deliberate.

Court reconvened with all parties present. After reporting the conversation with Juror #3, the court proposed seating an alternate juror. The government responded, "Judge, that would be my request and my suggestion," and defense counsel stated, "Agreed." The court made one final inquiry of counsel, stating , "[I]f there's anything different that anyone wants me to do, this is the time to say so." Neither party objected, the alternate juror was seated, and the court recessed before addressing the reconstituted jury. After the recess, for the first time, defense counsel suggested that the jury was hung "by the very nature of what [Juror #3] wanted to do." The court disagreed, reasoning that Juror #3 had simply been unwilling to deliberate. The jury returned a guilty verdict.

While Brown asserts the district court erred when it excused Juror #3 and seated an alternate juror, he invited the alleged error. Invited error occurs when "the trial court announces its intention to embark on a specific course of action and defense counsel specifically approves of that course of action." United States v. Campbell, 764 F.3d 874, 878 (8th Cir. 2014). In other words, a defendant cannot

later complain when the district court gave him exactly what his lawyer requested. United States v. Thompson, 289 F.3d 524, 526 (8th Cir. 2002). Under the invited-error doctrine, the party "who invites the district court to make a particular ruling waives his right to claim on appeal that the ruling was erroneous." United States v. Corn, -- F.4th --, 2022 WL 4075766, at *2 (8th Cir. 2022) (citations omitted).

Both before and after the district court's conference with Juror #3, defense counsel indicated that seating an alternate juror was appropriate based on Juror #3's refusal to deliberate. Notably, when the court provided a clear, final opportunity for the parties to request a different course of action, neither party did so. While defense counsel eventually expressed a concern that Juror #3's refusal to deliberate may indicate the existence of a hung jury, he did not raise this issue until after an alternate juror was seated. Brown himself never raised any objection. Because Brown invited the alleged error, we decline to review the dismissal of Juror #3. See id.; see also Campbell, 764 F.3d at 879.

During the pendency of the appeal, Brown's counsel moved to withdraw on grounds that Brown was dissatisfied with his representation and wanted to pursue ineffective assistance of counsel claims. We denied counsel's motions but permitted Brown to raise his ineffective assistance of counsel claims in a supplemental brief. Brown's *pro se* briefs assert ineffective assistance of counsel and prosecutorial misconduct. We decline to consider Brown's *pro se* claims. See United States v. Halter, 411 F.3d 949, 951 (8th Cir. 2005) (stating we "generally do not consider a claim of ineffective assistance of counsel unless a miscarriage of justice would result or a full record on the issues in controversy has already been developed"); United States v. Miranda-Zarco, 836 F.3d 899, 901–02 (8th Cir. 2016) (citations omitted) (noting we generally do not consider *pro se* claims when the defendant is represented by counsel).

The judgment of the district court is affirmed.

_____