UNITED STATES of America, Appellee,

v.

**Watie D. FOREMAN, Appellant.**

No. 94–1491.

United States Court of Appeals, Eighth Circuit.

Submitted July 25, 1994.

Decided Aug. 1, 1994.

Joel O. Huggins, Springdale, AR, for appellant.

Paul Kinlock Holmes III, Fort Smith, AR, for appellee.

Before FAGG, WOLLMAN, and BEAM, Circuit Judges.

BEAM, Circuit Judge.

Watie D. Foreman entered a conditional plea of guilty to one count of possession with intent to distribute methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), reserving his right to appeal the district court's denial of his motion to suppress. We affirm.

Foreman had been the subject of a drug commerce investigation by a DEA task force for some period of time. As part of this investigation, officers procured a search warrant permitting searches of and seizures from Foreman's home in Springdale, Arkansas, and his business, Foreman Trucking, in Johnson, Arkansas.

During the ensuing search, officers seized methamphetamine, drug paraphernalia and large sums of money from Foreman's residence. Foreman moved to suppress the fruits of these searches, contending that the affidavit in support of the issuance of the warrants was intentionally or recklessly in derogation of the truth and, thus, failed to provide probable cause for the issuance of the warrants. *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). He further argues that the warrants were executed in violation of a "knock and announce" rule derived from 18 U.S.C. § 3109.

The district court [1] conducted an evidentiary hearing on the motion to suppress. The court found that some of the statements presented to the United States Magistrate Judge for issuance of the warrants were "cleverly worded so as to create a false impression" and that they "falsely create[d] the impression in the magistrate that the affiant had confirmed" information from certain sources and informants when he had not.

■ The district court specifically found that Foreman had established "that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit," as prohibited by *Franks*, 438 U.S. at 155-56, 98 S.Ct. at 2676; *see also United States v. Day*, 949 F.2d 973, 977 (8th Cir. 1991). However, the court analyzed Foreman's contentions under the rule of exclusion announced in *Franks*, 438 U.S. at 156, 98 S.Ct. at 2676-77, and concluded that "if the misleading information is stricken completely, there is still very substantial evidence, very substantial facts, very substantial allegations from which the magistrate under the totality of the circumstances had the information necessary. . . ." We have reviewed the factual record and the findings from the hearing on the motion to suppress and agree. We see no reason to reiterate the findings of the district court in this regard and incorporate its conclusions in this opinion. *See* 8th Cir.R. 47B.

■ Foreman's contentions concerning the so-called "knock and announce" rule under 18 U.S.C. § 3109 do not require extensive discussion. Foreman supports this claim with the testimony of Jennie Laird, a person present at his home when the search began. She stated that she did not hear anyone at all knock at the door and would have heard them knock had they knocked. It is, of

---

1. The Honorable H. Franklin Waters, Chief United States District Judge for the Western District of Arkansas.

course, Foreman's burden to establish a prima facie violation of section 3109. *United States v. Schenk,* 983 F.2d 876, 878 (8th Cir.1993). The district court found that this burden had not been met, saying that "Ms. Laird [had not] testified unequivocally by any means that there was not such an announcement made. She merely said [she] didn't hear one." We think that this is not a clearly erroneous determination of fact given the latitude accorded the district court in evaluating credibility of witnesses in these matters.

The government also claims that this issue was improperly advanced at the suppression hearing since it was not alleged as a contested matter in Foreman's motion to suppress. Given our evidentiary rulings, we do not decide this contention.

Finding the district court to be correct on its rulings on the motion to suppress, we affirm.