**UNITED STATES, Plaintiff,**

v.

**Robert Lee LOVE, Defendant.**

**No. CR 99–319 JRT/FLN.**

United States District Court,
D. Minnesota.

Dec. 1, 1999.

Brigid Dowdal, Asst. U.S. Atty., for the government.

Andrea George, Asst. Public Defender, for defendant.

## ORDER

NOEL, United States Magistrate Judge.

**THIS MATTER** came before the undersigned United States Magistrate Judge for a hearing on November 17, 1999, on the defendant's and the government's pretrial motions.

Along with its routine motion for discovery, the Government brought a motion to strike defendant's motions to suppress eyewitness identifications, seized evidence, and statements. The government contends that defendant has not made a requisite prima facie showing of illegality, failing to set forth the specific facts and circumstances to support the suppression motions. The government moves to strike the motions for this lack of specificity.

The motion goes to the allocation of the burden of proof at suppression hearings; a complicated issue with which state and federal courts have grappled without any uniform resolution. Some courts put the burden upon the government, others on the defendant. *State v. Heald,* 314 A.2d 820 828 (Me. 1973); *People v. Hoskins,* 101 Ill.2d 209, 78 Ill.Dec. 107, 461 N.E.2d 941, 942 (1984); *State v. McKenzie,* 186 Mont. 481, 608 P.2d 428, 438 (1980). Some put a burden of production on the government and the burden of persuasion on the defendant, while others follow this division but reverse the parties' responsibilities. *People v. Whitehurst,* 25 N.Y.2d 389, 306 N.Y.S.2d 673, 254 N.E.2d 905, 906 (1969); *United States v. Mueller,* 902 F.2d 336, 341 (5th Cir.1990). Still other courts allocate the burden depending on the issue, placing the burden of proof on the government for issues arising from warrantless arrests, searches or seizures and on the defendant for motions stemming from police activity involving a warrant. *United States v. Carhee,* 27 F.3d 1493, 1496 (10th Cir.1994); *United States v. Roch,* 5 F.3d 894, 897 (5th Cir.1993).

The Eighth Circuit has not articulated a general rule allocating the burden of proof in suppression motions, but puts that burden on one side or the other in response to the matter at hand. *See, e.g., United States v. Muhammad,* 58 F.3d 353, 355 (8th Cir.1995) (defendant has burden of proving a legiti-mate expectation of privacy in the place or thing searched before defendant can challenge the search); *United States v. Foreman,* 30 F.3d 1042, 1043–44 (8th Cir.1994) (defendant must show a prima facie violation of knock and announce warrant before suppression of evidence obtained after the entry is considered); *United States v. McClinton,* 982 F.2d 278, 283 (government must show by a preponderance of the evidence that defendant's incriminating statements were made voluntarily); *United States v. Larson,* 978 F.2d 1021, 1023 (8th Cir.1992) (government has the burden to prove consent was given voluntarily for a consent search); *United States v. Caldwell,* 954 F.2d 496, 505 (8th Cir.1992) (government holds burden to prove that defendant voluntarily waived *Miranda* rights); *United States v. Bruton,* 647 F.2d 818, 822 (8th Cir.1981) (government has burden of establishing that exigent circumstances justified warrantless entry).

The government suggests that the Eighth Circuit follows the Fifth Circuit in requiring that defendant produce evidence of specific factual allegations before the Government need carry a burden of persuasion. *See United States v. De la Fuente,* 548 F.2d 528, 533–34 (5th Cir.1977). It cites *United States v. Losing,* 539 F.2d 1174, 1177 (8th Cir.1976), in support of this proposition. The 1976 *Losing* opinion upheld in part and reversed in part a Missouri federal district court's decision to determine suppression issues on the papers without holding a suppression hearing. The Eighth Circuit simply iterated that a suppression hearing is not compulsory unless the moving papers show contested factual issues exist, acknowledged that "meager guidelines" exist for determining whether a hearing should take place, and stated that "the district court is properly left with a certain amount of discretion in this regard." *Id.* at 1178–79. The opinion falls far short of announcing a blanket rule to require defendants to move for suppression based on specific factual allegations before the court even will consider suppression issues. Indeed, the Eighth Circuit reversed the district court's decision not to hold a hearing on one of the matters, even though the matter was not articulated with any more particularity than many of the other matters upon which the

Eighth Circuit upheld the district court. The appeals court found that the government held the information upon which the motion would be based and that demanding the defendant present the motion with particularity when he did not have sufficient access to the information placed too heavy of a burden upon him. *Id.* at 1179–80. *See also United States v. Phillips,* 540 F.2d 319, 324 (8th Cir.1976) (remanding case for a hearing after defendant was denied meaningful opportunity to meet burden of proof that tape recording was made unlawfully).

■ For at least the last fifteen years that this magistrate judge has been part of federal criminal proceedings in this district, first as a federal prosecutor and now in his present capacity, the court has for its convenience followed the practice of placing the burden of raising suppression issues on the defendant and the burden of proving admissibility on the government. This practice comports well with the circumstances of discovery in criminal cases, given that the government is the party with access to the facts collected in investigation and pursuit of the defendant and which it intends to offer as evidence at trial. The government is also in the best position to know the facts and circumstances surrounding procurement of the evidence and its ultimate admissibility.

■ While inclusion of specific facts relating to suppression issues is certainly desirable in defendant's pretrial motions, this Court believes that defendant's filing of the motion gives the government sufficient notice to examine the facts relating to a suppression issue and to prepare and present evidence at hearing. It would be unfair to deny a hearing on the evidence to the defendant on the government's motion to strike when it is the government that has the relevant facts at its disposal. The Court certainly encourages more fact specific pleading and notes that strict compliance with Federal Rule of Criminal Procedure 12(d), allowing notification to defendant of the evidence the government intends to use at trial, would go a long way toward enabling defendants to make more effective, fact specific motions. However, the Court finds Love met his burden to raise suppression issues in this case when he filed his suppression motions with the Court.

Based on all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that the government's motion:

1. For discovery pursuant to Rules 16(b), 12.1 & 26.2 [# 10] is **DENIED as moot;**

2. To strike [# 20] is **DENIED.**

Based on all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that the defendant Robert Lee Love's motion:

1. For disclosure of Rule 404 evidence [# 11] is **GRANTED.** The government will produce the evidence on or before December 6, 1999;

2. To compel the attorney for the government to disclose evidence favorable to the defendant [# 12] is **GRANTED** to the extent required by *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 and its progeny;

3. For discovery and inspection [# 13] is **GRANTED** to the extent required by Rule 16 and any other applicable Rules of Federal Criminal Procedure or Federal Evidence. The government will produce the evidence on or before December 6, 1999;

4. For government agents to retain rough notes [# 15] is **GRANTED;**

5. For discovery of expert under Rule 16(a)(1)(E) [# 16] is **GRANTED.** The government will disclose its expert report and make any other expert disclosures required under the rules on or before December 6, 1999.