2002 ND 34

**CITY OF JAMESTOWN, Plaintiff and Appellee,**

v.

**Brenda L. JEROME, Defendant and Appellant.**

**No. 20010219.**

Supreme Court of North Dakota.

Feb. 20, 2002.

Charles J. Gilje, City Prosecutor, Jamestown, for plaintiff and appellee.

William A. Mackenzie, Jamestown, for defendant and appellant. Submitted on brief.

MARING, Justice.

[¶ 1] Brenda Jerome appealed from a judgment of conviction and an order of the district court denying her motion to suppress evidence in a prosecution for driving while under the influence of intoxicating beverages.[1] We hold the arresting police officer's request to talk with Jerome was not a stop and did not implicate Jerome's Fourth Amendment rights, and we affirm.

I

[¶ 2] On June 18, 2000, Jamestown Police Officer Russ Shahin received a dispatch about 9:00 p.m. relaying an anony-

---

1. The notice of appeal was filed after entry of the order denying the suppression motion but prior to entry of the judgment of conviction. We treat the attempted appeal as being from the subsequently entered consistent judgment. *See, e.g., Schuck v. Montefiore Public School Dist. No. 1,* 2001 ND 93, ¶ 1 n. 1, 626 N.W.2d 698.

mous tip that Brenda Jerome had been drinking since morning, was intoxicated, and was driving her vehicle. The informant identified Jerome's vehicle by its white color and license plate number. Shahin located Jerome's vehicle traveling on a Jamestown street, and he followed it in his patrol car for about six blocks. Shahin observed the vehicle drift slightly within its own lane, but he did not observe any other driving abnormalities or law violations. After driving through an alley, Jerome parked her vehicle on her driveway. Shahin parked his car to the side of the street, and Jerome and Shahin exited their vehicles at about the same time. As Shahin stepped out of his patrol car he asked, "hey Brenda, can I speak to you for a minute?" Jerome turned, recognized Shahin as a Jamestown police officer, and responded, "yes." During the conversation, Shahin arrested Jerome, and she was later formally charged with class B misdemeanor DUI in violation of Jamestown City Ordinance § 21–04–06.

[¶ 3] Jerome filed a motion to suppress evidence against her "based upon a lack of articulable facts leading to a reasonable conclusion for a legal stop of the defendant's person." The trial court concluded Shahin's approach to talk to Jerome constituted a valid caretaking function which did not implicate Jerome's Fourth Amendment rights. The court denied the motion, and Jerome entered a conditional guilty plea to the charges, reserving the right to appeal the denial of her motion to suppress evidence.

## II

[¶ 4] On appeal, Jerome asserts the trial court erred in failing to conclude Shahin committed an unreasonable seizure by stopping Jerome without having a reasonable and articulable suspicion she had committed a crime.

[¶ 5] The Fourth Amendment of the United States Constitution guarantees "the right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures." A temporary restraint of a person's freedom, or a "Terry stop," is a seizure within the meaning of the Fourth Amendment. *Terry v. Ohio*, 392 U.S. 1, 16, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). To make a legal investigative stop of a vehicle, an officer must have a reasonable and articulable suspicion the motorist has violated or is violating the law. *State v. Miller*, 510 N.W.2d 638, 640 (N.D.1994). An arrest is a seizure and must be supported by probable cause. *State v. Boline*, 1998 ND 67, ¶ 24, 575 N.W.2d 906; *Lapp v. Dep't of Transp.*, 2001 ND 140, ¶ 8, 632 N.W.2d 419. In evaluating the factual basis for an investigative stop or an arrest, we consider the totality of the circumstances. *City of Fargo v. Ovind*, 1998 ND 69, ¶ 8, 575 N.W.2d 901. However, not all personal intercourse or communications between law enforcement officers and citizens involve seizures implicating Fourth Amendment rights. *Terry*, 392 U.S. at 19, n. 16, 88 S.Ct. 1868, 20 L.Ed.2d 889. For example, a community caretaking encounter does not constitute a seizure within the meaning of the Fourth Amendment. *State v. DeCoteau*, 1999 ND 77, ¶¶ 19–20, 592 N.W.2d 579. Also, a police officer's approach of a parked vehicle is not a seizure if the officer "inquires of the occupant in a conversational manner, does not order the person to do something, and does not demand a response." *State v. Langseth*, 492 N.W.2d 298, 300 (N.D.1992). We have recognized also it is not a seizure for an officer to walk up to and talk to a person in a public place. *State v. Steinmetz*, 552 N.W.2d 358, 359 (N.D.1996). A seizure occurs within the context of the Fourth Amendment only when the officer, by

means of physical force or show of authority, has in some way restrained the liberty of a citizen. *State v. Boline*, 1998 ND 67, ¶ 25, 575 N.W.2d 906.

[¶ 6] A person alleging her rights have been violated under the Fourth Amendment has the initial burden of establishing a prima facie case of illegal seizure. *City of Fargo v. Sivertson*, 1997 ND 204, ¶ 6, 571 N.W.2d 137. After the person alleging a Fourth Amendment violation has made a prima facie case, the burden of persuasion is shifted to the State to justify its actions. *Id.* We affirm the decision of a trial court on a motion to suppress, after resolving conflicting evidence in favor of affirming the decision, unless we conclude there is insufficient evidence to support the decision or the decision goes against the manifest weight of the evidence. *State v. Loh*, 2000 ND 188, ¶ 4, 618 N.W.2d 477. Recognizing the importance of the trial court's opportunity to observe witnesses and assess their credibility, we accord great deference to the trial court's findings of fact in suppression matters. *Id.*

[¶ 7] The relevant facts in this case are not in dispute. Upon receiving the dispatch of an anonymous tip that Jerome was intoxicated and driving her vehicle, Shahin located and followed Jerome's vehicle. He did not, however, make any attempt to pull over or stop Jerome. After Jerome voluntarily parked her vehicle in her driveway and exited from it, Shahin asked, in a conversational and nonthreatening manner, if he could speak with her for a minute. Jerome turned, recognized the officer, and without hesitation or condition responded, "yes." In denying the motion to suppress evidence, the trial court found Shahin was merely conducting a caretaking activity when he talked with Jerome, and the court concluded Shahin did not, therefore, "stop" Jerome within the Fourth Amendment context of search and seizure.

[¶ 8] We disagree with the trial court's finding that Shahin, in talking with Jerome, was conducting a community caretaking function. The community caretaking function is an activity "totally divorced from the detection, investigation, or acquisition of evidence relating to the violation of a criminal statute." *State v. Langseth*, 492 N.W.2d 298, 300 (N.D.1992). Shahin's request to talk with Jerome does not fall within the "community caretaking" role, because his objective was to investigate the possibility of a law violation, not to help a person in possible need of assistance. In circumstances where it is obvious that a citizen is neither in need of nor desires assistance there is no community caretaking role to fill. *State v. DeCoteau*, 1999 ND 77, ¶ 21, 592 N.W.2d 579.

[¶ 9] We agree, however, with the trial court's conclusion that, under these circumstances, Shahin's approach toward and conversation with Jerome was not a stop within the context of the Fourth Amendment and did not implicate Jerome's rights against unreasonable search and seizure. When Shahin approached Jerome he requested permission to speak with her and she readily agreed to talk with him. Shahin did not escalate this casual encounter into a seizure by ordering Jerome to do something, by demanding a response, or by threatening her with a show of authority or command. There is no assertion or evidence that Jerome's consent was based upon any show of authority by Shahin or demand by him that she talk to him. Only when an officer by means of physical force or show of authority has in some way restrained the liberty of a citizen may we conclude that a Fourth Amendment seizure has occurred. *State v. Halfmann*, 518 N.W.2d 729, 731 (N.D. 1994). Consequently, the trial court cor-

rectly concluded Shahin's actions in approaching and conversing with Jerome did not constitute a seizure or stop and did not implicate Jerome's Fourth Amendment rights.

### III

[¶ 10]   We affirm the judgment and the trial court's order denying Jerome's motion to suppress evidence.

[¶ 11] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, WILLIAM A. NEUMANN, DALE V. SANDSTROM and CAROL RONNING KAPSNER, JJ.