2002 ND 170

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Larry FITTERER, Defendant and Appellant.**

No. 20020076.

Supreme Court of North Dakota.

Nov. 5, 2002.

Rehearing Denied Dec. 4, 2002.

Michael R. Hoffman, Bismarck, N.D., for defendant and appellant.

Leann K. Bertsch, Assistant State's Attorney, Bismarck, N.D., for plaintiff and appellee.

NEUMANN, Justice.

[¶ 1] Larry Fitterer appeals the trial court's dismissal of his motion to suppress and the subsequent judgment based on a jury's verdict finding him guilty of driving under the influence of intoxicating liquor. We reverse and remand with instructions.

## I

[¶ 2] On September 14, 2001, the North Dakota Highway Patrol stopped Larry Fitterer at a sobriety checkpoint and charged him with driving under the influence of intoxicating liquor. Before trial, Fitterer moved to suppress evidence as a result of the checkpoint. Fitterer claimed he was not stopped for committing a traffic violation or for an apparent vehicle safety defect, and the checkpoint stop was illegal under Article I, Section 8, of the North Dakota Constitution and under the Fourth Amendment of the United States Constitution. He requested discovery under N.D.R.Crim.P. 16, seeking documents and tangible objects material to the preparation of his defense. The State responded and moved to dismiss, arguing that because Fitterer did not specify in his motion which of his rights were violated or provide evidence of what was wrong with the checkpoint stop, his motion was inadequate on its face, and should be dismissed. In response to the discovery request, the State argued Fitterer had full means of obtaining the information from the Highway Patrol and, therefore, the State was not obliged to provide it.

[¶ 3] At a hearing on the motion, the trial court dismissed Fitterer's motion to suppress evidence, ruling sobriety checkpoints are per se constitutional, and that before a hearing would be conducted, it was Fitterer's burden to show as part of his moving papers how and why the checkpoint was unconstitutional. At trial, the jury returned a guilty verdict. Fitterer appeals, arguing the trial court erred in dismissing his motion to suppress because (1) the motion provided adequate notice of alleged constitutional violations; (2) the State failed to comply with his request for discovery.

## II

[¶ 4] Fitterer argues his motion to suppress evidence should not have been dismissed because he sufficiently stated his grounds for suppression providing adequate notice to the trial court and the State of the claimed constitutional violations. Fitterer claims he was neither stopped for committing an offense nor stopped for any apparent safety defect on his vehicle. Relying on *City of Bismarck v. Uhden*, 513 N.W.2d 373, 379 (N.D.1994), Fitterer maintains that checkpoint stops are not per se constitutional and, therefore, once the issue was identified and raised with sufficient clarity, the State had

the burden to present record evidence to show the checkpoint was constitutionally valid.

[¶ 5] The State argues Fitterer's motion to suppress was properly dismissed because it lacked authority and specificity to support his constitutional claim. *See Wisdom v. North Dakota Real Estate Comm'n*, 403 N.W.2d 19, 22 (N.D.1987); N.D.R.Ct. 3.2. The State argues our case law requires parties raising constitutional claims to articulate the specific constitutional provision being violated. *See Menz v. Coyle*, 117 N.W.2d 290, 302 (N.D.1962).

[¶ 6] At the motion hearing, the trial court essentially dismissed Fitterer's motion to suppress because it lacked specificity or particularity. While we defer to a trial court's findings of fact on a motion to suppress, questions of law are fully reviewable. *State v. Hawley*, 540 N.W.2d 390, 392 (N.D.1995). Prima facie evidence to support a motion to suppress is not required in a party's moving papers. *Cohen v. United States*, 378 F.2d 751, 761 (9th Cir.1967) (stating a motion may be supported by affidavit, however, "in the absence of a court order or local rule such affidavits are not necessary . . . ."). In North Dakota, motions to suppress evidence require neither exquisite particularity nor supporting affidavits or other evidence. N.D.R.Crim.P. 47. Rule 47, N.D.R.Crim.P., states:

> An application to the court for an order shall be made by motion which, unless made during a hearing or trial, shall be made in writing, state the grounds therefor, and set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion. The motion may be supported by affidavit.

According to the explanatory note, Rule 47, N.D.R.Crim.P., is an adaptation of Rule 47 of the Federal Rules of Criminal Procedure. N.D.R.Crim.P. 47, Explanatory Note. The language is based on N.D.R.Civ.P. 7(b), with two exceptions. N.D.R.Crim.P. 47, Explanatory Note. First, N.D.R.Crim.P. 47, unlike N.D.R.Civ.P. 7(b), does not require the grounds for the motion be stated with particularity, and second, the use of affidavits is permissive. N.D.R.Crim.P. 47, Explanatory Note; *United States v. Edgar Jones*, 766 F.2d 994, 999 (6th Cir.1985) (stating Rule 47 does not specify the grounds for the motion be presented with particularity). A moving party "shall serve and file a brief and other supporting papers." N.D.R.Ct 3.2. However, N.D.R.Ct. 1.1 "makes Rule 3.2 apply to all motion practice unless there is a conflicting rule governing the matter." *Duncklee v. Wills*, 542 N.W.2d 739, 741 (N.D.1996). Because N.D.R.Crim.P. 47 conflicts with N.D.R.Ct. 3.2, Rule 47 controls the case at bar. *See Duncklee*, at 741.

[¶ 7] Furthermore, the rule is not intended to permit "speaking motions." N.D.R.Crim.P. 47, Explanatory Note; *United States v. William Allan Jones*, 542 F.2d 661, 665 n. 7 (6th Cir.1976) (stating Rule 47 does not sanction the use of "speaking motions"). "Speaking motions" are motions supported by affidavits attempting to establish facts that are properly to be established only at trial or at a hearing where evidence is introduced. N.D.R.Crim.P. 47, Explanatory Note (citing Advisory Committee Note to Fed. R.Crim.P. 47). We conclude Fitterer was not required to present an affidavit or evidence in his motion to suppress.

[¶ 8] A defendant's motion, however, must provide adequate notice to the trial court and the prosecution of the issues being raised. *United States v. Love*, 189 F.R.D. 557, 558–59 (D.Minn. 1999) (stating while the Eighth Circuit

"has not articulated a general rule allocating the burden of proof in suppression motions," the District of Minnesota "has for its convenience followed the practice of placing the burden of raising suppression issues on the defendant...."); *People v. Williams,* 20 Cal.4th 119, 83 Cal.Rptr.2d 275, 973 P.2d 52, 58 (1999) (stating the defendant bears the burden of raising an issue in a motion to suppress). To satisfy N.D.R.Crim.P. 47, Fitterer's motion need only provide adequate notice of the issues raised to the trial court and the prosecution. *See Love,* 189 F.R.D. at 559.

■ [¶ 9] Our case law confirms Fitterer need only provide adequate notice of the issues raised in order to reach a hearing on his motion. As we have held, when a defendant challenges the validity of a checkpoint stop or how it was conducted, the State is on notice it has to produce evidence such as checkpoint guidelines, protocol, and testimony from officers verifying the checkpoint was validly performed. *Uhden,* 513 N.W.2d at 379; *State v. Everson,* 474 N.W.2d 695, 700 (N.D. 1991); *State v. Wetzel,* 456 N.W.2d 115, 118–19 (N.D.1990); and *State v. Goehring,* 374 N.W.2d 882, 888 (N.D.1985). When Fitterer moved to suppress evidence obtained because he was not stopped for a violation or safety defect and he claimed the checkpoint stop was illegal, he either meant that the checkpoint was set up in violation of the Fourth Amendment or that law enforcement performed the checkpoint stop in violation of the Fourth Amendment. Additional pleading or evidence in Fitterer's motion to suppress was not required. We conclude the trial court and the State had sufficient notice of the stated suppression grounds raised by Fitterer. To conclude otherwise would exalt form over substance. *See Goehring,* 374 N.W.2d at 886.

■ [¶ 10] However, our ruling here does not relieve a defendant of the burden of establishing a prima facie case at the motion hearing before the State is required to put on evidence. *City of Jamestown v. Jerome,* 2002 ND 34, ¶ 6, 639 N.W.2d 478; *State v. Glaesman,* 545 N.W.2d 178, 182 n. 1 (N.D.1996). Had the trial court conducted a hearing, the initial burden would have been Fitterer's to show that he was not stopped for committing a traffic violation or for a vehicle safety defect, that in fact he was stopped merely because a checkpoint was being conducted. Because we have held checkpoint stops are neither per se constitutional nor per se unconstitutional, *Uhden,* 513 N.W.2d at 379, such an evidentiary showing, if made at the hearing, would constitute a sufficient prima facie case to shift to the State the burden of proving the checkpoint stop was in fact conducted appropriately and pursuant to protocols that did not violate the Fourth Amendment. *Jerome,* 2002 ND 34, ¶ 6, 639 N.W.2d 478.

[¶ 11] Fitterer sufficiently stated his grounds for suppression to provide the trial court and the State adequate notice of the constitutional issues he raised. He should have been afforded an opportunity to submit evidence of a prima facie case at the motion hearing. The trial court, therefore, erred when it granted the State's motion and dismissed Fitterer's motion to suppress for lack of specificity, without permitting him an opportunity to submit evidence of a prima facie case.

III

[¶ 12] Fitterer also argues his motion to suppress should have been granted because the State failed to provide discovery regarding the information related to the checkpoint in violation of N.D.R.Crim.P. 16. In light of the discussion above, we do

not reach this issue and need not address it.

## IV

[¶ 13]  For the foregoing reasons, the trial court's judgment of conviction entered on the jury's verdict is reversed, and this matter is remanded with instructions to conduct a hearing on the motion to suppress, and for such other proceedings as may then be appropriate.

[¶ 14] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.

DALE V. SANDSTROM, J.

I concur in the result.