2013 ND 236

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Andrew CANFIELD, Defendant and Appellant.**

**No. 20130141.**

Supreme Court of North Dakota.

Dec. 19, 2013.

Nathan K. Madden, Assistant State's Attorney, Williams County State's Attorney Office, Williston, ND, for plaintiff and appellee.

Jeff L. Nehring, Williston, ND, for defendant and appellant.

KAPSNER, Justice.

[¶1] Andrew Canfield appeals from district court judgments entered upon conviction of four drug related offenses and from a district court order denying his motion to suppress evidence found during a search of his dormitory room. A lack of evidence in the record makes meaningful appellate review of the issues presented impossible in this case; we reverse the judgments of conviction and remand for further proceedings.

I

[¶2] The district court stated that the following facts did not appear to be in dispute:

On October 2, 2012, Officer Dickerson of the Williston Police Department responded to a call of possible drug use in a dorm room at Williston State college.

He met with Heather Fink, the housing director at WSC, who indicated reports of the smell of marijuana in Room 3A in which Defendant lived. Ms. Fink indicated that all students sign a housing agreement allowing WSC staff to enter rooms for any reason. She proceeded to knock on the door which was answered by a female occupant. Ms. Fink asked for permission to enter and was granted access while Officer Dickerson stayed in the entryway.

While in the entryway, Officer Dickerson observed two glass pipes he believed were used for ingesting drugs. He then entered the residence and questioned the individuals present in the room. Defendant, who was in class at the time, was escorted back to the room where he was handcuffed, *Mirandized*, and questioned. After questioning, Defendant was ultimately arrested for various drug offenses.

[¶ 3] Canfield moved to suppress "any and all evidence recovered as a result of an illegal search of his residence and an illegal interrogation." His motion to suppress indicated that it was "supported by attached brief and supporting materials." His brief in support of motion to suppress evidence indicated that "[a] hearing on this matter [was] expected to show" that the facts alleged by Canfield had occurred. Attached to his brief were two exhibits: the Williston State College Housing Contract and Application and the Williston State College Student Code of Conduct. No other evidence was submitted by Canfield, and his notice of motion to suppress evidence indicated that the motion was "being submitted by the Defendant without a request for oral argument." As a result, no evidentiary hearing was held on the motion to suppress. The parties did not make a formal stipulation of facts for the court to consider. The district court ultimately denied Canfield's motion, finding that the plain view doctrine applied, exigent circumstances existed authorizing entry into the room, and the subsequent questioning was not in violation of Canfield's *Miranda* rights.

[¶ 4] After a jury trial, Canfield was found guilty of ingesting a controlled substance, unlawful possession of drug paraphernalia, possession of a controlled substance, and conspiracy to manufacture methamphetamine. He was found not guilty of an additional charge of unlawful possession of drug paraphernalia (baggies).

II

[¶ 5] On appeal, Canfield argues the district court erred in finding the search of Canfield's dormitory room was not unreasonable. He argues that consent, third-party consent, consent through his dormitory contract, and plain view and exigent circumstances did not justify the warrantless search, thus requiring suppression of all evidence seized under the exclusionary rule and fruit of the poisonous tree doctrine. The State argues that consent, consent through the dormitory contract, and plain view and exigent circumstances justified the warrantless search. Because the district court's order upheld the warrantless search as reasonable only on the grounds of plain view and exigent circumstances, we limit our analysis to those exceptions.

[¶ 6] When reviewing a district court's ruling on a motion to suppress, this Court normally defers to the district court's findings of fact and resolves conflicts in testimony in favor of affirmance. *State v. Graf*, 2006 ND 196, ¶ 7, 721 N.W.2d 381. Generally, a district court's decision to deny a motion to suppress will be affirmed if there is sufficient competent evidence capable of supporting the court's

findings and if its decision is not contrary to the manifest weight of the evidence. *Id.* "Questions of law are fully reviewable on appeal, and whether a finding of fact meets a legal standard is a question of law." *Id.* (citation omitted).

[¶ 7] "Prima facie evidence to support a motion to suppress is not required in a party's moving papers." *State v. Fitterer,* 2002 ND 170, ¶ 6, 652 N.W.2d 908 (citing *Cohen v. United States,* 378 F.2d 751, 761 (9th Cir.1967)). Supporting affidavits or other evidence are permissive, but not required. *Fitterer,* at ¶ 6 (citing N.D.R.Crim.P. 47). The motion itself is enough to reach a hearing on the motion, provided it gives adequate notice of the issues raised. *Id.* at ¶ 9. A defendant then has the burden of establishing a prima facie case at the motion hearing before the State is required to put on evidence. *Id.* at ¶ 10 (citing *City of Jamestown v. Jerome,* 2002 ND 34, ¶ 6, 639 N.W.2d 478; *State v. Glaesman,* 545 N.W.2d 178, 182 n. 1 (N.D.1996)). To do so, the defendant must make an evidentiary showing that the search and seizure was illegal. *Fitterer,* at ¶ 10; *Jerome,* at ¶ 6. Once a prima facie case has been established, the burden of persuasion shifts to the State to justify its warrantless search. *Jerome,* at ¶ 6. While "[t]here may be some cases in which a suppression motion is capable of decision based on stipulated facts[,] ... trial courts should be wary of dispensing with an evidentiary hearing when[ ] ... the parties have raised a flurry of Fourth Amendment issues." *State v. Avila,* 1997 ND 142, ¶ 18, 566 N.W.2d 410.

[¶ 8] Meaningful appellate review of the issues in this case is impossible in light of the lack of evidentiary support for the district court's decision. An evidentiary hearing on the suppression motion was waived, and a review of the record shows no supporting evidence was offered with either party's brief. The parties did not stipulate to the facts. Furthermore, the district court's description of the allegedly undisputed facts did not match either Canfield's or the State's alleged facts, and neither of those matched the other. On this record, a reviewing court cannot defer to the district court's findings of fact. An evidentiary hearing will be necessary. As we did in *Avila,* we remand for an evidentiary hearing where the record can be supplemented with the evidence necessary for the court to reach an informed decision about the circumstances leading to the officer's decision to make entry into the dormitory room.

[¶ 9] On remand, we caution the district court that this Court has held that an officer's mere fear or speculation that evidence might be destroyed does not justify a warrantless search and seizure under the exigent circumstances exception. *See State v. Ackerman,* 499 N.W.2d 882, 886 (N.D.1993). This Court has defined exigent circumstances as "an emergency situation requiring swift action to prevent imminent danger to life or serious damage to property, or to forestall the imminent escape of a suspect or destruction of evidence." *State v. Gagnon,* 2012 ND 198, ¶ 13, 821 N.W.2d 373 (quoting *State v. DeCoteau,* 1999 ND 77, ¶ 15, 592 N.W.2d 579).

### III

[¶ 10] We reverse the judgments and remand for further proceedings.

[¶ 11] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, and DANIEL J. CROTHERS, JJ., concur.

SANDSTROM, Justice, dissenting.

[¶ 12] I respectfully dissent.

[¶ 13] The law is well-established. On a motion to suppress evidence, the moving

party has the duty to establish a prima facie case before the State has a duty to put on any evidence. The moving party, the defendant, put on no evidence. The State, therefore, had no burden to put on any evidence. Because the defendant failed to establish a prima facie case, he loses.

[¶ 14] The majority, at ¶ 7, acknowledges the defendant's burden to establish a prima facie case before the State has any burden. But then the majority ignores the law it set forth.

"Prima facie evidence to support a motion to suppress is not required in a party's moving papers." *State v. Fitterer,* 2002 ND 170, ¶ 6, 652 N.W.2d 908 (citing *Cohen v. United States,* 378 F.2d 751, 761 (9th Cir.1967)). Supporting affidavits or other evidence are permissive, but not required. *Fitterer,* at ¶ 6 (citing N.D.R.Crim.P. 47). The motion itself is enough to reach a hearing on the motion, provided it gives adequate notice of the issues raised. *Id.* at ¶ 9. *A defendant then has the burden of establishing a prima facie case at the motion hearing before the State is required to put on evidence. Id.* at ¶ 10 (citing *City of Jamestown v. Jerome,* 2002 ND 34, ¶ 6, 639 N.W.2d 478; *State v. Glaesman,* 545 N.W.2d 178, 182 n. 1 (N.D.1996)). To do so, the defendant must make an evidentiary showing that the search and seizure was illegal. *Fitterer,* at ¶ 10; *Jerome,* at ¶ 6. Once a prima facie case has been established, the burden of persuasion shifts to the State to justify its warrantless search. *Jerome,* at ¶ 6. While "[t]here may be some cases in which a suppression motion is capable of decision based on stipulated facts[,] . . . trial courts should be wary of dispensing with an evidentiary hearing when[ ] . . . the parties have raised a flurry of Fourth Amendment issues." *State v.*

*Avila,* 1997 ND 142, ¶ 18, 566 N.W.2d 410.

(Emphasis added.)

[¶ 15] This case differs significantly from *Avila,* in which there was a specific, on-the-record stipulation as to the facts.

At the evidentiary hearing on the motion to suppress, the parties "orally agreed on the record to forego the evidentiary hearing and oral arguments on the motion to suppress and instead, the parties stipulated to the facts as set forth in Officer Gordon Olson's February 27, 1996 Supplementary Offense Report, which is nine pages long, Alejandro Avila's affidavit, and Lori Kehrberg's affidavit." Kehrberg said in her affidavit, "I did not consent to the police officers entering my apartment." Avila said in his affidavit, "I did not consent to the search of my backpack by the police." Neither the search warrant nor the affidavit in support of the warrant were made a part of the record.

*State v. Avila,* 1997 ND 142, ¶ 9, 566 N.W.2d 410. Because there was no stipulation as in *Avila,* that case did not eliminate Canfield's burden of establishing a prima facie case in support of his motion to suppress.

[¶ 16] We explained in *Glaesman:*

In suppression cases, the defendant has the initial burden of establishing a prima facie case that the evidence was illegally seized. *United States v. Evans,* 572 F.2d 455, 486 (5th Cir.1978), *cert. denied,* 439 U.S. 870 [99 S.Ct. 200, 58 L.Ed.2d 182] (1978) ("The burden is on the movant to make specific factual allegations of illegality, to produce evidence, and to persuade the court that the evidence should be suppressed."); *United States v. Phillips,* 540 F.2d 319 (8th Cir.1976), *cert. denied,* 429 U.S. 1000 [97 S.Ct. 530, 50 L.Ed.2d 611] (1976); *U.S. v. Sacco,* 563 F.2d 552, 558 (2d Cir.1977),

*cert. denied,* 434 U.S. 1039 [98 S.Ct. 779, 54 L.Ed.2d 789] (1978); *U.S. v. De La Fuente,* 548 F.2d 528, 533 (5th Cir.1977), *cert. denied,* 434 U.S. 954 [98 S.Ct. 479, 54 L.Ed.2d 312] (1977).

*State v. Glaesman,* 545 N.W.2d 178, 182 n. 1 (N.D.1996).

[¶ 17]  Here there was no stipulation as in *Avila.*  The defendant, who had the burden of going forward with the evidence, waived an evidentiary hearing.  I would reverse because the moving party—the defendant—failed to meet his burden of establishing a prima facie case for the suppression of evidence.

[¶ 18]  DALE V. SANDSTROM.