# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2020 ND 69

State of North Dakota,                                         Plaintiff and Appellant

      v.

Richard Dwayne Cook,                                         Defendant and Appellee

### No. 20190305

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Stacy J. Louser, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Christopher W. Nelson, Assistant State's Attorney, Minot, N.D., for plaintiff and appellant.

Tyrone J. Turner, Bismarck, N.D., for defendant and appellee.

**Tufte, Justice.**

[¶1]  The State of North Dakota appeals from a district court order suppressing evidence. Because the district court properly concluded Chief Schmidt's seizure of Cook was not justified by reasonable suspicion, we affirm.

I

[¶2]  In early April 2019, Berthold Police Chief Allen Schmidt and Reserve Officer Greg Pinske stopped a car driven by Richard Cook for an unilluminated license plate. At the time of the stop, Pinske was not a licensed peace officer. Officer Pinske approached the car and obtained Cook's driver's license. Officer Pinske returned to the squad car with Cook's license. Officer Pinske did not report to Chief Schmidt that he observed any suspicious behavior by Cook during the initial encounter.

[¶3]  Officer Pinske ran a records check using Cook's driver's license, which revealed Cook had a 2016 drug conviction. At that point, Chief Schmidt took over the traffic stop. Chief Schmidt approached Cook's vehicle and explained to Cook that he was performing drug interdiction that evening. Chief Schmidt asked Cook if he could search his car. Cook refused. Chief Schmidt then ordered Cook out of the car so he could perform a canine sniff around the car.

[¶4]  Cook exited the car, and Chief Schmidt patted down the outside of Cook's clothes. Chief Schmidt found a concealed switchblade knife on Cook's person. Chief Schmidt then deployed his canine, and the canine alerted to the presence of drugs. Chief Schmidt searched the car and found drugs and paraphernalia. Cook was arrested and charged with several offenses.

[¶5]  A preliminary hearing was held in May 2019. Chief Schmidt testified about the details of the stop. During cross-examination, the State objected to defense questioning and stated:

> MR. ENSRUD:  Your Honor, I'm going to object as far as the—a lot of questioning as far as this Red Card stuff. I definitely thought

1

earlier when we were going towards probable cause, potential suppression issues is worth giving Mr. Turner quite a bit of latitude rather than making him go through a whole separate hearing on suppression. But we're kind of past any type of suppression issues and we're just onto probable cause. I think we've pretty well covered the stop at this point.

At the conclusion of the hearing, the district court found probable cause.

[¶6]   Cook moved to suppress evidence gathered during the traffic stop, alleging he was illegally seized in violation of the Fourth Amendment. In Cook's brief, he referenced Chief Schmidt's preliminary hearing testimony.

[¶7]   A hearing was held on Cook's motion to suppress in August 2019. The district court called on the State to present its evidence. The State argued it was not required to present evidence because Cook had not yet presented evidence to establish a prima facie illegal seizure and therefore the burden of persuasion had not yet shifted to the State. The district court treated the prosecutor's statement at the preliminary hearing as a tacit admission that Cook had established a prima facie illegal seizure.

[¶8]   The State then called Chief Schmidt to testify. At the end of the hearing, the district court concluded Chief Schmidt violated Cook's Fourth Amendment right against unlawful seizures by prolonging the stop for a drug investigation. The court suppressed all evidence obtained during the traffic stop. The State appealed from the suppression order, and filed the following statement with its notice of appeal: "This appeal is not taken for purpose of delay and the evidence is a substantial proof of a fact material in the proceeding."

II

[¶9]   Under N.D.C.C. § 29-28-07(5), the State may appeal from an order suppressing evidence when accompanied by a statement of the prosecuting attorney asserting that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding. The statement of the prosecuting attorney here merely recites the statutory language. We have indicated that the State should do more than "parrot[] the

language of N.D.C.C. § 29-28-07(5)." *State v. Beane*, 2009 ND 146, ¶ 6, 770 N.W.2d 283. Despite the State's mere recitation of the statutory standard, it is clear that the district court order would suppress all of the State's evidence on elements of the crimes charged, and thus it is substantial proof of a fact material in the proceeding. We conclude that the appeal is properly before us.

III

[¶10] The State argues the district court erred in shifting the burden of persuasion from the defendant to the State without first requiring the defendant to establish a prima facie illegal seizure.

> A person alleging her rights have been violated under the Fourth Amendment has the initial burden of establishing a prima facie case of illegal seizure. *City of Fargo v. Sivertson*, 1997 ND 204, ¶ 6, 571 N.W.2d 137. After the person alleging a Fourth Amendment violation has made a prima facie case, the burden of persuasion is shifted to the State to justify its actions. *Id.*

*City of Jamestown v. Jerome*, 2002 ND 34, ¶ 6, 639 N.W.2d 478. A prima facie case is established if the party bearing the burden of proof presents evidence strong enough, if uncontradicted, to support a finding in his favor. *In re Estate of Clemetson*, 2012 ND 28, ¶ 8, 812 N.W.2d 388 (describing the standard as "a bare minimum"). Whether a prima facie case has been established is a question of law. *Id.*

[¶11] The State argues the moving party's evidentiary showing must be made at the suppression hearing. In support, the State cites *State v. Canfield*, in which we said, "A defendant then has the burden of establishing a prima facie case *at the motion hearing* before the State is required to put on evidence." 2013 ND 236, ¶ 7, 840 N.W.2d 620 (emphasis added). The phrase "at the motion hearing" was not necessary to our holding in *Canfield*. It does appear in *State v. Fitterer*, 2002 ND 170, ¶ 10, 652 N.W.2d 908, which *Canfield* relies on, but that case also does not confront a situation like the one here where the necessary prima facie showing was already part of the record in the case through testimony at a prior hearing. The phrase does not appear in our other cases describing the same procedure, and we have found no case in any

3

jurisdiction that imposes such a requirement. *See, e.g.*, *Jerome*, 2002 ND 34, ¶ 6, 639 N.W.2d 478; *Sivertson*, 1997 ND 204, ¶ 6, 571 N.W.2d 137; *State v. Glaesman*, 545 N.W.2d 178, 182 n.1 (N.D. 1996).

[¶12] The district court was familiar with Chief Schmidt's preliminary hearing testimony, which was in the record. Cook characterizes the district court's consideration of Chief Schmidt's preliminary hearing testimony as the court taking judicial notice. A court does not need to take judicial notice of matters that are already in the record in that case. Rule 201, N.D.R.Ev., does not apply here. The preliminary hearing testimony established that law enforcement officers seized Cook without a warrant. If uncontradicted, this would be the minimum showing required to support a finding in Cook's favor. Because Chief Schmidt's preliminary hearing testimony was part of the record of the case and it established a prima facie illegal seizure, we conclude the district court did not err in shifting the burden to the State to present evidence in support of an exception to the warrant requirement.

IV

[¶13] The State argues the district court erred in granting Cook's motion to suppress evidence.

> The trial court's disposition of a motion to suppress will not be reversed if, after conflicts in the testimony are resolved in favor of affirmance, there is sufficient competent evidence fairly capable of supporting the trial court's findings, and the decision is not contrary to the manifest weight of the evidence. [This standard] recognizes the importance of the trial court's opportunity to observe the witnesses and assess their credibility, and we "accord great deference to its decision in suppression matters."

*State v. Vetter*, 2019 ND 138, ¶ 5, 927 N.W.2d 435 (quoting *State v. Montgomery*, 2018 ND 20, ¶ 4, 905 N.W.2d 754).

[¶14] The State argues Cook was not unreasonably seized for the drug investigation because the seizure was justified by reasonable suspicion. In *Vetter*, we summarized the law on when a traffic stop becomes an illegal seizure:

Traffic violations justify a stop by police officers. When an officer seizes an individual for a traffic violation, it justifies a police investigation of that violation. Because a routine traffic stop is relatively brief, it is more like a "*Terry* stop" than an arrest. The time it takes to complete the "mission" of the stop, to "address the traffic violation that warranted the stop and attend to related safety concerns," is a permissible length of time to detain someone. However, a stop may not extend longer than the amount of time necessary to effectuate the purpose of the traffic stop. An officer's seizure of a person is permitted only until the tasks tied to the traffic infraction are—or reasonably should have been—completed. A traffic stop prolonged beyond the "time reasonably required to complete the stop's mission" is unlawful. Unrelated inquiries are permitted during a stop as long as they do not prolong the stop and extend the time the individual is detained. A stop may be prolonged only if the officer has reasonable suspicion to justify detaining the individual for inquiries unrelated to the stop.

2019 ND 138, ¶ 6, 927 N.W.2d 435 (internal citations omitted).

[¶15] The parties do not dispute that Chief Schmidt lawfully stopped Cook for an unilluminated license plate. From the outset, the lawful "mission" of the stop was to issue a warning or citation for the equipment violation. The district court found that Chief Schmidt initiated a controlled substances investigation and abandoned the equipment violation when he took over from Officer Pinske. The testimony before the court included nothing to indicate Chief Schmidt or Officer Pinske did anything to further pursue the equipment violation and all further actions related only to the drug investigation. Because the equipment violation was no longer the justification for the stop, Chief Schmidt's continued seizure of Cook to pursue a controlled substances offense was unreasonable unless justified by reasonable suspicion of a controlled substances offense. The parties disagree as to whether Chief Schmidt had established reasonable suspicion of a crime at the time he stopped pursuing the traffic stop and began investigating a drug offense.

[¶16] When determining whether an officer had reasonable suspicion, we employ an objective standard looking at the totality of the circumstances and taking into consideration the reasonable inferences and deductions an

5

investigating officer may make. *State v. Hall*, 2017 ND 124, ¶ 21, 894 N.W.2d 836. "Whether the facts support a reasonable and articulable suspicion is a question of law." *Id.* "The question is whether a reasonable person in the officer's position would be justified by some objective manifestation to suspect the defendant was, or was about to be, engaged in unlawful activity." *State v. Franzen*, 2010 ND 244, ¶ 12, 792 N.W.2d 533.

[¶17] The State argues Chief Schmidt had reasonable suspicion to extend the traffic stop because he observed Cook had constricted pupils and a 2016 drug conviction. Mindful of the district court's superior position to assess the credibility of witnesses, we do not reweigh the evidence. The district court appears to have relied on Officer Pinske's report of seeing nothing suspicious on his first approach to Cook's vehicle, and the court placed little, if any, weight on Chief Schmidt's observation of Cook's constricted pupils. This leaves Cook's 2016 drug conviction as the basis for Chief Schmidt's suspicion. Knowledge of a person's criminal history by itself is not enough to support a finding of reasonable suspicion. *State v. Fields*, 2003 ND 81, ¶ 15, 662 N.W.2d 242. We conclude there is sufficient competent evidence fairly capable of supporting the trial court's findings and the decision is not contrary to the manifest weight of the evidence. We affirm the district court order suppressing evidence.

V

[¶18] Because the district court properly concluded Chief Schmidt's seizure of Cook was not justified by reasonable suspicion, we affirm the order suppressing evidence.

[¶19] Jerod E. Tufte
  Daniel J. Crothers
  Lisa Fair McEvers
  Gerald W. VandeWalle
  Jon J. Jensen, C.J