# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2026 ND 73

State of North Dakota,                                    Plaintiff and Appellee

v.

Richard Edwin Romanyshyn,                           Defendant and Appellant

## No. 20250295

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable William A. Herauf, Judge.

AFFIRMED.

Opinion of the Court by Bahr, Justice.

Stephanie L. Pretzer, Assistant State's Attorney, Dickinson, ND, for plaintiff and appellee; on brief.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant; on brief.

**State v. Romanyshyn**
**No. 20250295**

**Bahr, Justice.**

[¶1] Richard Romanyshyn appeals from an amended criminal judgment, entered on a conditional plea of guilty reserving his right to appeal a district court's order denying his motion to dismiss. We affirm the amended criminal judgment.

I

[¶2] On October 17, 2023, the district court issued a disorderly conduct restraining order (DCRO) against Romanyshyn in Stark County case no. 45-2023-CV-00755. The order included two minor children as protected parties. Contact between Romanyshyn and the children was governed by a parental responsibility order. The Stark County Sheriff personally served Romanyshyn with the DCRO on October 25, 2023. Romanyshyn did not appeal the DCRO, which expired on April 17, 2024. Between November and December 2023, Romanyshyn allegedly violated the DCRO by sending text messages to one or more of the protected parties. On January 5, 2024, the State filed a criminal complaint charging Romanyshyn with violation of a DCRO under N.D.C.C. § 12.1-31.2-01, a class A misdemeanor.

[¶3] On April 29, 2024, a district court issued a DCRO against Romanyshyn in Hettinger County case no. 21-2024-CV-00023, involving the same petitioner and protected parties. Romanyshyn appealed the Hettinger County DCRO. On January 23, 2025, this Court reversed the Hettinger County DCRO and remanded the case for a full evidentiary hearing. *Davis v. Romanyshyn*, 2025 ND 18, ¶¶ 10, 12, 16 N.W.3d 464.

[¶4] In June 2025, Romanyshyn filed a motion to dismiss the criminal charge in the Stark County case, arguing the DCRO was invalid under *Davis*. The State responded, contending the Supreme Court's ruling in the Hettinger County case did not invalidate the separate Stark County DCRO. In July 2025, the district court denied the motion to dismiss on the record, issuing a written order the next day.

[¶5]   Romanyshyn entered a conditional plea of guilty reserving the right to appeal the district court's order denying his motion to dismiss. The court entered judgment and Romanyshyn appealed. Because the judgment did not use the word "conditional" or otherwise indicate Romanyshyn's plea was entered subject to his right to appeal, we remanded for the court to correct the criminal judgment to accurately reflect the proceedings. *State v. Romanyshyn*, 2026 ND 62, ¶¶ 6-7. On remand, the district court entered an amended judgment specifying Romanyshyn's plea was conditional. We now consider the merits.

II

[¶6]   Romanyshyn argues the district court's denial of his motion to dismiss was factually and legally insufficient. Specifically, he argues the court made insufficient factual findings and the court improperly took judicial notice of "unspecified information."

[¶7]   "This Court's standard of review of a motion to dismiss in a criminal proceeding is the same as our review of a motion to suppress." *State v. Kukert*, 2021 ND 192, ¶ 11, 965 N.W.2d 849. "Generally, a district court's decision to deny a motion to suppress will be affirmed if there is sufficient competent evidence capable of supporting the court's findings and if its decision is not contrary to the manifest weight of the evidence." *State v. Canfield*, 2013 ND 236, ¶ 6, 840 N.W.2d 620. "We cannot properly review a decision, however, if the district court fails to make adequate findings explaining the basis for its ultimate conclusion." *State v. Juntunen*, 2014 ND 86, ¶ 3, 845 N.W.2d 325. "Questions of law are fully reviewable on appeal, and whether a finding of fact meets a legal standard is a question of law." *Canfield*, ¶ 6 (quoting *State v. Graf*, 2006 ND 196, ¶ 7, 721 N.W.2d 381).

[¶8]   At a hearing, the district court stated, "I know that there's a motion to dismiss. We will be finishing up the order on that. The—it's a motion, correct? You did make a motion." After Romanyshyn's counsel responded in the affirmative, the court stated, "It will be denied. I just haven't had time to go ahead and get it completed fully. But I'll give you the heads up on it." The next day the court entered an order denying the motion. The order stated, "The

2

defendant filed a motion to dismiss on June 4, 2025. The State responded on June 17, 2025. Based upon review of the parties['] briefing as well as the court's own research, the motion made by the defendant is hereby denied."

A

[¶9]   Romanyshyn argues "[t]he district court's order fails to provide sufficient factual findings to enable meaningful appellate review. The record contains no factual findings that would allow the reviewing court to determine the legal validity of the court's order denying the motion to dismiss."

[¶10] Romanyshyn's motion to dismiss made a legal, not factual, argument. His brief in support of his motion did not identify, argue, or rely on facts. Rather, it identified and relied on the following undisputed procedural history:

1)      On 10/17/2023, a Disorderly Conduct Restraining Order [hereinafter DCRO] was issued against the Defendant in file 45-2023-CV-00755.

2)      On 1/5/2024, the State filed a Criminal Complaint alleging a violation of the DCRO.

3)      On 1/23/2025, the ND Supreme Court reversed the DCRO and remanded it back to the District Court.

The State's response brief also did not argue facts. The State argued this Court's ruling in the Hettinger County case did not invalidate the DCRO in the Stark County case.

[¶11] As evidenced by its written order, the district court addressed the single legal issue raised in Romanyshyn's motion. Romanyshyn did not request, and the court did not hold, an evidentiary hearing. Because the issue before the court was one of law, factual findings were not necessary. *See Dupree v. Younger*, 598 U.S. 729, 738 (2023) ("Courts of appeals have long found it possible to separate factual from legal matters." (quoting *Teva Pharms. USA, Inc. v. Sandoz, Inc.*, 574 U.S. 318, 328 (2015))); *id.* at 737 ("Because a purely legal question is, by definition,

3

one whose answer is independent of disputed facts, factual development at trial will not change the district court's answer.").

[¶12] Although the district court could have more clearly articulated its reasoning for its denial of the motion to dismiss, this case presents a pure question of law so factual findings are unnecessary for appellate review.

B

[¶13] Romanyshyn argues the district court improperly took judicial notice by conducting its "own research" without following the procedural requirements of N.D.R.Ev. 201. Romanyshyn's argument is both legally incorrect and internally inconsistent.

[¶14] Rule 201, N.D.R.Ev., is titled Judicial Notice of Adjudicative Facts and "governs judicial notice of an adjudicative fact only[.]" N.D.R.Ev. 201(a). Rule 201(b) identifies the kinds of "facts" that may be judicially noticed. As explained in the Explanatory Note:

> Rule 201 is the only rule dealing with the subject of judicial notice and, by the terms of subdivision (a) is limited in application to the judicial notice of adjudicative facts, i.e., the facts of the particular case before the courts, facts that are normally the subject of proof by formal introduction of evidence.

[¶15] The district court's order indicates it conducted "research." "Independent judicial research on a legal question does not implicate the judicial notice and ex parte issues spawned by independent factual research." *Radu v. Shon*, 62 F.4th 1165, 1174 (9th Cir. 2023) (cleaned up).

[¶16] Moreover, Romanyshyn's position contradicts itself. Romanyshyn contends the district court made no factual findings, while simultaneously claiming the court improperly took judicial notice of adjudicative facts. The court's lack of factual findings necessarily demonstrates it did not take judicial notice of adjudicative facts under N.D.R.Ev. 201.

[¶17] The district court did not improperly take judicial notice of adjudicative facts by conducting its own legal research.

## C

[¶18] Romanyshyn did not brief the merits of the district court's order in his opening brief. In its response brief, the State argued the court properly denied Romanyshyn's motion to dismiss because it was an improper collateral attack on the DCRO. *See State v. Kenny*, 2019 ND 218, ¶¶ 15-18, 932 N.W.2d 516 (holding a party may not collaterally attack the issuance of temporary restraining orders in a subsequent criminal proceeding for violating those orders); *State v. Zahn*, 2007 ND 2, ¶ 5, 725 N.W.2d 894 (holding a party cannot collaterally challenge the validity of a domestic violence protection order without first raising the issue with the trial court). Romanyshyn did not file a reply brief addressing the merits of the court's denial of his motion. We decline to address this issue because Romanyshyn did not brief or otherwise argue it. *Lyons v. State*, 2024 ND 19, ¶ 17, 2 N.W.3d 679.

## III

[¶19] The district court did not err in denying the motion to dismiss. We affirm the amended criminal judgment.

[¶20] Lisa Fair McEvers, C.J.
Jerod E. Tufte
Jon J. Jensen
Douglas A. Bahr
Mark A. Friese