# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 183

State of North Dakota,                                             Plaintiff and Appellant

v.

M.J.W.,                                                           Defendant and Appellee

## Nos. 20200008–20200010

Appeals from the District Court of Cass County, East Central Judicial District, the Honorable Tristan J. Van de Streek, Judge.

REVERSED.

Opinion of the Court by Tufte, Justice, in which Chief Justice Jensen and Justice Crothers joined. Justice McEvers filed an opinion concurring specially, in which Justice VandeWalle joined.

Reid A. Brady, Assistant State's Attorney, Fargo, N.D., for plaintiff and appellant.

Alexander F. Reichert, Grand Forks, N.D., for defendant and appellee.

**Tufte, Justice.**

[¶1]  The State of North Dakota appeals from three orders sealing M.J.W.'s criminal records under N.D.C.C. ch. 12-60.1. We conclude the district court misapplied the law, and we reverse the sealing orders.

I

[¶2]  During the 2019 legislative session, the legislative assembly passed and the governor signed House Bill 1256 which created a process for "sealing" criminal records. The record sealing law is codified at N.D.C.C. ch. 12-60.1 and became effective August 1, 2019.

[¶3]  In June 2000, M.J.W. pled guilty to two misdemeanor offenses. In January 2001, he again pled guilty to a misdemeanor offense. In July 2003, he pled guilty to three misdemeanor offenses. In each of these three criminal cases, the district court sentenced M.J.W. to a suspended jail sentence, a fine, and unsupervised probation. M.J.W. was convicted of additional criminal offenses in October 2003 and August 2004. In October 2019, M.J.W. petitioned the district court under N.D.C.C. ch. 12-60.1 to seal records in each of the five cases.

[¶4]  The State opposed M.J.W.'s petitions in the first three cases, arguing that M.J.W.'s subsequent convictions within three years of release from probation barred him from filing the petitions. The State did not oppose M.J.W.'s petitions in the October 2003 and August 2004 cases. The district court held a consolidated hearing on M.J.W.'s petitions in December 2019. At the close of the hearing, the State argued M.J.W. did not qualify for relief under N.D.C.C. § 12-60.1-02(1)(a) because he had been convicted of new crimes within three years of his release from probation in each of those cases. The district court found the terms of N.D.C.C. § 12-60.1-02(1)(a) to be ambiguous, and applying the rule of lenity, it granted M.J.W.'s petitions and sealed the records in all five cases. The State now appeals.

1

[¶5]  At the outset, we must determine whether we have jurisdiction to consider this appeal. If an appeal is not authorized by statute, we do not have jurisdiction and we must dismiss. Section 12-60.1-04(6), N.D.C.C., expressly forecloses an individual's appeal when the district court denies a petition to seal records, but it is silent on whether and when the State may appeal. In a criminal case, the State may appeal only as provided in N.D.C.C. § 29-28-07. Under N.D.C.C. § 29-28-07(4), the State may appeal from "[a]n order made after judgment affecting any substantial right of the state." M.J.W. argues the sealing orders in these consolidated cases are not appealable because they do not affect a substantial right of the State. We disagree.

[¶6]  The long-established policy of the State protects the right of the public to access and inspect government records. Several provisions in our law guarantee the right of the public to open government records, including court records. Article XI, section 6 of the North Dakota Constitution provides: "Unless otherwise provided by law, all records of public or governmental bodies . . . shall be public records, open and accessible for inspection during reasonable office hours." The prosecution records at issue here are governed by N.D.C.C. § 44-04-18(1), which provides: "Except as otherwise specifically provided by law, all records of a public entity are public records, open and accessible for inspection during reasonable office hours." The court records at issue here are governed by N.D. Sup. Ct. Admin. R. 41(5)(f)(1)(B), which states that the public has a right of access to public records, which are presumed open unless "there are sufficient grounds to overcome the presumption of openness of case records[.]" We conclude that a substantial right of the State is implicated by a motion under chapter 12-60.1 to prohibit disclosure of the existence or contents of court and prosecution records.

[¶7]  The state's attorney, as the public prosecutor, is tasked with protecting the public's right to open records. Section 12-60.1-04(4), N.D.C.C., requires the state's attorney to "notify and seek input from law enforcement, witnesses, victims, and correctional authorities familiar with the petitioner and the offense" when practicable. By seeking input from interested parties,

the state's attorney can properly advise the district court why it should or should not seal the petitioner's record. The state's attorney's responsibility to protect the public's right to access records is tempered by a duty as a minister of justice to ensure the defendant is accorded justice. N.D.R. Prof. Conduct 3.8, Comment. The state's attorney may, in the exercise of professional judgment, seek to do justice by stipulating to seal a criminal record. N.D.C.C. § 12-60.1-04(5).

[¶8]   Because the sealing orders affect a substantial right of the State, they are appealable under N.D.C.C. § 29-28-07(4). We have jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 29-28-07(4).

### III

[¶9]   Having concluded we have jurisdiction to entertain this appeal, we turn to the merits of the case. The State argues the district court misinterpreted N.D.C.C. ch. 12-60.1 when it ordered M.J.W.'s criminal records sealed. This is a question of statutory interpretation, which we review de novo. *State v. Ayala*, 2017 ND 126, ¶ 5, 894 N.W.2d 865. We begin with the plain language of the statute, giving words their commonly understood meaning, unless, reading the statute as a whole, a contrary meaning plainly appears. *Id.* When the wording of a statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. *State v. G.C.H.*, 2019 ND 256, ¶ 13, 934 N.W.2d 857; N.D.C.C. § 1-02-05. In drafting statutes we presume the legislature intended all that it said, said all that it intended to say, and meant what it has plainly expressed. *Id.* at ¶ 16.

[¶10] According to the State, because M.J.W. was charged with subsequent crimes within three years of his release from probation in the cases on appeal, he was not authorized under N.D.C.C. § 12-60.1-02(1)(a) to file petitions to seal those records. M.J.W. does not dispute that he was charged with new crimes within three years of his release from probation in each of the three misdemeanor cases before us. Rather, he argues the State's proposed construction is contrary to legislative intent.

3

[¶11] Subdivision 12-60.1-02(1)(a), N.D.C.C., provides:

An individual may file a petition to seal a criminal record if:

a. The individual pled guilty to or was found guilty of a misdemeanor offense and the individual has not been charged with a new crime for at least three years from the date of release from incarceration, parole, or probation[.]

[¶12] The use of "may" in the first line of N.D.C.C. § 12-60.1-02(1) indicates the filing of a petition is permissive, and the word "if" indicates filing is conditional on satisfaction of certain prerequisites. The absence of other avenues for petitioning the court to seal a criminal record leaves N.D.C.C. § 12-60.1-02(1) as the exclusive method to request such relief. We conclude a petitioner may file a petition to seal a criminal record only if the conditions following in N.D.C.C. § 12-60.1-02(1)(a) or (b) are met.

[¶13] M.J.W.'s offenses were all misdemeanors, so our focus is on N.D.C.C. § 12-60.1-02(1)(a). An individual may petition the court to seal a record only when the individual "has not been charged with a new crime for at least three years *from* the date of release from incarceration, parole, or probation[.]" N.D.C.C. § 12-60.1-02(1)(a) (emphasis added). The plain meaning of "from" is "a function word to indicate a starting point[.]" *Merriam-Webster's Online Dictionary*, https://www.merriam-webster.com/dictionary/from (last visited July 13, 2020). Therefore, the three-year period during which a petitioner must remain free of new criminal charges starts upon release from incarceration, parole, or probation.

[¶14] Because M.J.W. was charged with a crime within the three-year period following his release from probation, N.D.C.C. § 12-60.1-02(1)(a) did not authorize his petitions. Thus, the district court erred in granting the unauthorized petitions.

4

## IV

[¶15] Because the district court misapplied N.D.C.C. ch. 12-60.1 to seal M.J.W.'s records, we reverse the sealing orders.

[¶16] Jerod E. Tufte
    Daniel J. Crothers
    Jon J. Jensen, C.J.

**McEvers, Justice, concurring specially.**

[¶17] I concur in part II of the majority opinion concluding this Court has jurisdiction. I write separately to address part III because I believe, as did the parties before the district court, N.D.C.C. § 12-60.1-02, is ambiguous. After reviewing the record and the arguments made to the court, I understand why the court found the statute ambiguous and applied the rule of lenity. Why would M.J.W. be rehabilitated on the some crimes, but not other crimes committed over fifteen years ago? That does not make much sense, and perhaps may even be absurd. I tend to agree with the court that N.D.C.C. § 12-60.1-02(1) could be read to mean three years was a waiting period during which an individual must be crime free before filing a petition. However, I have to concede, after reviewing the legislative history, it does not appear that the legislative assembly intended to allow for broader sealing of criminal records as argued by M.J.W.

[¶18] Statutory construction is a question of law, fully reviewable on appeal. *State v. M.M.*, 2019 ND 64, ¶ 6, 924 N.W.2d 132. "On numerous occasions this Court has stated that statutes must be construed as a whole to determine the intent of the legislature and that the intent must be derived from the whole statute by taking and comparing every part thereof together." *State v. Mees*, 272 N.W.2d 61, 64 (N.D. 1978). A statute is ambiguous if it can produce more than one meaning and absurd results. *Id.* If a statute is ambiguous, we may resort to extrinsic aids, including legislative history, to interpret the statute. *Matter of G.R.H.*, 2006 ND 56, ¶ 15, 711 N.W.2d 587.

[¶19] In looking at the legislative history, Representative Shannon Roers Jones introduced H.B. 1256, which was enacted by the legislative assembly to create chapter 12-60.1 on sealing criminal records. Rep. Roers Jones testified in support of H.B. 1256 to allow for the sealing of records in some instances, stating:

> I wanted to create a process by which people who have criminal convictions in their past so they [] would have a process [to have] those records sealed. . . . [I]n a situation where it is clear that an amount of time has passed and a person has turned his life around[.]

*Hearing on H.B. 1256 Before the House Judiciary Comm.*, 66th N.D. Legis. Sess. (Jan. 15, 2019). This testimony would support the rule of lenity applied by the district court.

[¶20] However, Rep. Roers Jones later testified:

> So the intent is to seal records for people who [do] not commit another offense *within* a window of time. . . . A person who has been found guilty of a misdemeanor offense could use this process 3 years after they have been charged or convicted of a crime, *as long as they haven't had any new encounters with law enforcement.* . . . As for older criminal records, it doesn't benefit all people, in all circumstances. It doesn't apply to all crimes, but it will benefit more people.

*Hearing on H.B. 1256* (Feb. 5, 2019); *Hearing on H.B. 1256 Before the Senate Judiciary Comm.*, 66th N.D. Legis. Sess. (March 20, 2019) (emphasis added).

[¶21] Because the legislative history does not support the broader reading of N.D.C.C. § 12-60.1-02(1), I concur in the result by the majority.

[¶22] Lisa Fair McEvers
Gerald W. VandeWalle