# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2025 ND 18

Samantha Davis,

Samantha Davis o/b/o HJR & CER,                    Petitioners

    v.

Richard Romanyshyn,                    Respondent and Appellant

### No. 20240167

Appeal from the District Court of Hettinger County, Southwest Judicial District, the Honorable James D. Gion, Judge.

REMANDED.

Opinion of the Court by Jensen, Chief Justice.

Tatum O'Brien and Madison Marchus, Fargo, ND, for respondent and appellant; submitted on brief.

**Jensen, Chief Justice.**

[¶1]   Richard Romanyshyn appeals an amended order from the district court granting Samantha Davis a two-year disorderly conduct restraining order against Romanyshyn. The order includes two minor children not listed as petitioners as protected parties. Romanyshyn argues the court abused its discretion in: (1) finding reasonable grounds to issue the disorderly conduct restraining order; (2) allowing Davis to rely solely on her petition and denying Romanyshyn the opportunity to cross-examine her, thereby denying him the right to a full hearing on the matter; (3) issuing insufficient findings to support the decision to grant the disorderly conduct restraining order; and (4) including the parties' two minor children as protected parties. We conclude the court deprived Romanyshyn of a full evidentiary hearing and we remand the disorderly conduct restraining order for a full evidentiary hearing consistent with this opinion.  We direct that any disorderly conduct restraining order issued upon remand not conflict with the parental responsibility order.

I

[¶2]   In April 2024, Davis filed a petition for a disorderly conduct restraining order. The district court granted a temporary disorderly conduct restraining order along with an order outlining the court's intended hearing procedure. Romanyshyn was served, and a hearing was set for late April 2024.

[¶3]   The order defining the hearing procedure provided the hearing would be limited to 15 minutes unless either of the parties wished to exercise their right to a full evidentiary hearing. The following steps were required to request a full evidentiary hearing: (1) the requesting party was required to file and serve a notice of witnesses the party intended to have testify at the evidentiary hearing and (2) the requesting party was required to file a summary of each witnesses' anticipated testimony. Both the request for a full evidentiary hearing and the witness summaries were required to be served and filed three days before the scheduled hearing. The procedural order further provided that if neither party

1

made a timely request for a full evidentiary hearing, all evidence was required to be presented by affidavit. With regard to evidence provided by affidavit, the order provided the following:

> Evidence presented by affidavit may not be considered unless the party offering the affidavit makes the affiant available for cross-examination at the time of the hearing. A party wishing to exercise his or her right to cross-examine any affiant must notify the party offering the affidavit testimony at least twenty-four (24) hours before the start of the hearing or the right to cross-examine shall be considered to be waived.

[¶4] Davis did not request a full evidentiary hearing but did file a notice of intent to cross-examine Romanyshyn. Romanyshyn argues he requested a full evidentiary hearing and filed a notice of intent to cross-examine when he filed an answer. The district court determined his answer was not a request for a full evidentiary hearing nor a notice of intent to cross-examine because he failed to follow the procedure stated in the order for hearing procedure. Romanyshyn filed an affidavit, but Davis did not. The hearing was limited to arguments provided by Davis's counsel and Romanyshyn, along with Davis's petition and Romanyshyn's affidavit.

[¶5] After the hearing, the district court granted Davis a two-year disorderly conduct restraining order against Romanyshyn. The disorderly conduct restraining order was subsequently amended to include the parties' two minor children as protected parties in conflict with an existing parental responsibility order.

II

[¶6] Romanyshyn argues the district court's hearing procedure violated his right to a full evidentiary hearing mandated under N.D.C.C. § 12.1–31.2–01(1). We review the court's manner of conducting a hearing for abuse of discretion. *Brown v. Brown*, 2020 ND 135, ¶ 5, 945 N.W.2d 269. A court abuses its discretion "only when it acts arbitrarily, capriciously, or unreasonably, or when it misapplies the law." *Id*.

2

[¶7] Before a district court may grant a petition for a disorderly conduct restraining order, the court must conduct a full evidentiary hearing. N.D.C.C. § 12.1–31.2–01(4). In *Cusey v. Nagel*, this Court addressed the requirements of a "full hearing":

> We have held that a trial court conducts a "full hearing" on a disorderly conduct restraining order petition by accepting affidavits and allowing cross-examination, at least when the parties raise no objection to the form of the hearing. Cusey did not object to the form of the hearing. Nevertheless, we believe the better practice is to allow the petitioner to present evidence through his own or other persons' testimony, rather than through the affidavit accompanying the petition. The primary purpose of an evidentiary hearing is to allow the parties to present evidence through testimony and allow the factfinder to hear and view the witnesses, assess their credibility, and thereby resolve factual disputes. This purpose is undermined when one of the parties to the proceeding is limited to presenting evidence in his case in chief only by affidavit. Also the affidavits often contain hearsay, which must be disregarded. While a petitioner cannot through testimony raise new allegations without notice to the respondent, . . . the allegations in the petition should be established through sworn testimony of the petitioner and other witnesses at the time of the hearing, and the respondent and other witnesses should have an opportunity to respond to the petitioner's allegations with admissible evidence. The petition and affidavit itself is hearsay, since it is an out-of-court statement made to prove the truth of the allegations, and is not admissible in evidence under N.D.R.Ev. 801(c). No written response of the respondent is provided for in N.D.C.C. § 12.1–31.2–01(5), and a hearing on the petition should, at a minimum, require the petitioner to prove the allegations by admissible evidence at the hearing, and provide an opportunity for the respondent to appear and contest the issuance of a restraining order by offering admissible evidence in opposition to the petitioner's claims. Although the disorderly conduct restraining order statute seeks to quickly and effectively combat volatile situations before any tragic escalation, . . . the concern for expeditious proceedings should not override the need to fairly resolve factual disputes.

2005 ND 84, ¶ 15, 695 N.W.2d 697 (cleaned up). Due process requirements must be met due to the restraint and stigma of a restraining order. *Gullickson v. Kline*, 2004 ND 76, ¶ 8, 678 N.W.2d 138.

[¶8]   In *Brown*, the district court explained that evidence "would be taken by affidavit only and a party seeking to cross-examine an affiant must notify the opposing party at least twenty-four hours before the hearing." 2020 ND 135, ¶ 2. The court denied an untimely notice of cross-examination filed by the responding party. *Id*. at ¶ 3. The petitioner's affidavit was accepted and the protection order was subsequently granted by the court. *Id*. at 4. On appeal, this Court found there was a denial of a full evidentiary hearing because "the court relied solely on the hearsay in [the petitioner's] affidavit and gave [the respondent] no opportunity to present [their] own relevant evidence or cross-examine the affiant." *Id*. at ¶ 12. This Court reversed the protection order and remanded for a full evidentiary hearing. *Id*.

[¶9]   Romanyshyn argued his answer was intended to be a request for a full evidentiary hearing and notice of intent to cross-examine. A full hearing was denied by the district court after the court found Romanyshyn's answer failed to follow the hearing procedure order. According to the hearing procedure order, the lack of request by Davis for a full evidentiary hearing required all evidence to be presented by affidavit. Davis did not file an affidavit, nor did she present evidence through testimony as suggested by this Court to be a better practice in *Cusey v. Nagel. See Cusey*, 2005 ND 84, ¶ 15 ("[W]e believe the better practice is to allow the petitioner to present evidence through his own or other persons' testimony, rather than through the affidavit accompanying the petition."). Rather, Davis only presented evidence through her petition along with her attorney's oral argument at the hearing. Romanyshyn filed an affidavit, but only provided oral argument at the hearing. However, Davis's petition and Romanyshyn's affidavit, unless subject to an exception, are inadmissible hearsay statements under N.D.R.Ev. 801(c). *Cusey*, 2005 ND 84, ¶ 15. As noted above, "a hearing on the petition should, at a minimum, require the petitioner to prove the allegations by admissible evidence at the hearing, and provide an opportunity for the respondent to appear and contest the issuance of a restraining order by offering admissible evidence in opposition to the petitioner's claims." *Id*.

4

[¶10] Similar to the respondent in *Brown v. Brown*, Romanyshyn was not provided with an opportunity to cross-examine Davis in regard to her petition. The district court relied solely on Davis's inadmissible petition and Romanyshyn's inadmissible affidavit. This Court has previously recognized that such procedures amount to a denial of a full evidentiary hearing. *See Brown*, 2020 ND 135, ¶ 12. We conclude the district court abused its discretion in granting the disorderly conduct restraining order without conducting a full evidentiary hearing. We reverse the disorderly conduct restraining order and remand for a full evidentiary hearing consistent with this opinion.

III

[¶11] Because the potential for conflict between a disorderly conduct restraining order and the parties' parental responsibility order is likely to arise on remand, we will address that issue. *Wollan v. Innovis Health, LLC*, 2024 ND 169, ¶ 15, 11 N.W.3d 1. The district court's disorderly conduct restraining order included the parties' children as protected parties, which directly conflicts with the parties' existing parental responsibility order. This Court has previously held that a disorderly conduct restraining order must not conflict with a parental responsibility order. *See Saville v. Ude*, 2009 ND 211, ¶ 21, 776 N.W.2d 31 ("Addressing the visitation matter, we held that in cases where there is the potential for a restraining order to conflict with a child custody and visitation order, courts must ensure the orders are consistent and do not conflict." (cleaned up)). Additionally, as discussed in *Saville*, the district court does not have the authority to modify parental responsibility through a disorderly conduct restraining order. *See id*. at ¶ 22 (Comparing N.D.C.C. § 14–07.1–02(4)(c) with N.D.C.C. § 12.1–31.2–01 and concluding that a court "issuing a restraining order has no statutory authority to establish custody or visitation rights regarding the parties' minor children[.]").

IV

[¶12] We remand for a full evidentiary hearing consistent with this opinion.

[¶13] Jon J. Jensen, C.J.
Daniel J. Crothers

5

Lisa Fair McEvers

Jerod E. Tufte

Douglas A. Bahr